IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                                          Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, D.D.S.,

    Defendant.

**ORDER GRANTING PARTIAL MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Partial Motion to Dismiss the Complaint. *Doc. 7.* Having reviewed the Motion and the attendant briefing (*docs. 10, 13*), and being otherwise fully advised in the premises, the Court GRANTS the Motion.

**I.**     **BACKGROUND**

This diversity action arises from Plaintiff's allegations concerning a dental procedure performed by Defendant on May 30, 2018, in which Defendant removed two of Plaintiff's wisdom teeth and inserted four dental implants. *Doc. 1* at ¶ 5. After the procedure, Defendant told Plaintiff that the surgery was successful and prescribed post-surgical medication to Plaintiff. *Id.* at ¶ 6. However, Plaintiff began experiencing "extreme pain" and "intense chills, dehydration, facial swelling and a headache," which led him to seek emergency room treatment. *Id.* at ¶ 7. There, a CT Scan revealed that

1

the spacing between the implants was incorrect, and all of the implants inserted by Defendant were ultimately replaced. *Id.* at ¶¶ 8-9. Plaintiff asserts that he followed Defendant's instructions regarding post-procedure care and that the cause of the implants' failure was "improper placements, improper preparation for placement[,] and post procedure infection which was primarily caused by the improper placement and preparation, as well as inadequate post procedure care." *Id.* at ¶¶ 7, 10.

Based on these allegations, Plaintiff brings claims for medical negligence and battery, and seeks damages and costs. *Id.* at 2-3. Relevant to the present motion, Plaintiff asserts that Defendant failed to inform him that Defendant was not qualified to perform the procedure and of the number of past medical negligence lawsuits successfully brought against Defendant. *Id.* at ¶ 12. Plaintiff argues that his consent to the procedure was not fully informed due to the absence of such pre-procedure disclosures, and consequently that Defendant's performance of the procedure was a battery. *Id.* at ¶ 13. Plaintiff also asserts that he is entitled to damages for the battery itself, in addition to any damages he might recover on his medical negligence claim. *Id*.

Plaintiff filed his Complaint on May 28, 2021. *Doc. 1*. On July 23, 2021, Defendant filed the present Motion, seeking dismissal of Plaintiff's battery claim and all alleged damages resulting from that claim. *Doc. 7*. Plaintiff filed a response on August 9, 2021, and Defendant filed a reply on August 23, 2021. *Docs. 10, 13*.

2

## II.   MOTION TO DISMISS

Defendant asserts that Plaintiff's claim for battery should be dismissed under Fed. R. Civ. P. 12(b)(6) because, in short, "Plaintiff's claim for battery is really a claim for negligence." *Doc. 13* at 4. Defendant argues that New Mexico law does not create a separate cause of action for battery in medical negligence cases when the underlying complaint alleges that consent for a procedure was deficient. *Doc. 7* at 4–8; *doc. 13* at 3.

### A. Legal Standard

In a diversity action, a federal court applies federal procedural law and the substantive law of the state in which it sits. *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 877 (10th Cir. 2006) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). The pleading requirements in this case therefore derive from federal law, while the medical negligence and battery standards are drawn from New Mexico state law.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all

reasonable inferences therefrom in the light most favorable to the plaintiff[]." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)). However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

### B. Analysis

"An intentional touching to which a patient has given no consent is considered a battery." *Gerety v. Demers*, 589 P.2d 180, 191 (N.M. 1978) (quotations and citations omitted). Moreover, the "right of self-determination by an informed patient has developed as the most important ingredient in the law" of medical torts. *Id*. From these principles, Plaintiff argues that, because his consent was not adequately informed, his consent is a nullity and the surgery constituted a battery. *See doc. 10* at 2. However, New Mexico law does not endorse such a binary approach to consent.

In *Gerety*, the New Mexico Supreme Court expressly distinguished an absolute failure to consent to a procedure from the failure of "informed consent." 589 P.2d at 191–92. An absolute failure to consent can support a battery claim whereas a lack of informed consent sounds in medical malpractice only. *Id*. Informed consent requires that the patient consent after having been reasonably advised of the information material to that decision. *See Dills v. New Mexico Heart Inst., P.A.*, 367 P.3d 467, 470 (N.M. Ct. App. 2016). In contrast,

> To defeat a battery claim… the information which must be disclosed is quite narrow in scope. A physician only has to inform the patient of the

>   nature of the procedure; that is, what the doctor proposes to do to him. …
>   The only question that is asked in a battery case is did the patient know
>   and agree to what was going to be done to him. … Informed consent is not
>   a key issue.

*Gerety*, 589 P.2d at 191 (citations omitted).[1]  Consequently, a plaintiff must allege that he did not consent to a specific procedure to state a claim for medical battery under New Mexico law.  *See id.* (explaining that the factual issue for battery claims is not "what the doctor should have told his patient about the nature of the operation but whether he did tell him what was going to transpire").  If liability instead hinges on the adequacy of a physician's pre-procedure disclosures, the cause of action is medical negligence.  *Id.* at 191–92.

Here, Plaintiff's Complaint fails to allege that Plaintiff did not consent to the specific dental procedure performed on him by Defendant, which was the removal of two wisdom teeth and installation of four implants.  *See doc. 1* at ¶ 13 (characterizing Plaintiff's consent to the dental procedure as less than "fully informed").  Plaintiff also does not allege that Defendant performed a procedure of a different type than the one to which Plaintiff consented.  *See generally Doc 1*.  Instead, Plaintiff's allegations concern the adequacy of Defendant's pre-procedure disclosures.  *See, e.g., id.* at ¶ 12 (asserting that "Defendant . . . failed to provide [] Plaintiff with all relevant information that a

---

[1] Indeed, this distinction is the majority rule across the nation.  *See e.g., Mayr v. Osborne*, 795 S.E.2d 731, 738 (Va. 2017) ("[M]ost courts now reserve the battery theory for cases where the treatment was completely unauthorized, while negligence is the basis for actions alleging that the physician obtained the patient's consent without making the appropriate disclosure of risks and benefits." (quoting 4 Leonard J. Nelson III, *Medical Malpractice* § 22.03[1] (David W. Louisell & Harold Williams, eds. 2016))).

5

reasonably prudent patient would have wanted to know"). Because Plaintiff fails to assert that he did not agree to the specific dental procedures performed by Defendant, he fails to state a claim for battery under New Mexico law. *Cf. Young v. Gila Reg'l Med. Ctr.*, No. A-1-CA-36474, 2020 WL 3006699, at *10 (N.M. Ct. App. June 4, 2020) (affirming the denial of summary judgment on a medical battery claim because the issue of whether the plaintiff agreed to the examinations at issue was "vigorously contested" by the parties).

Plaintiff's counterarguments are unavailing.[2] First, Plaintiff argues that his allegations that Defendant failed to disclose numerous material facts prior to obtaining his consent constitute "violations" of New Mexico Uniform Jury Instructions 13-1104B and 13-1104C. *Doc. 10* at 2. However, those jury instructions relate only to the concept of "informed consent" and would be applicable to the medical malpractice claim. *See* N.M. R. Ann. 13-1104A-C. The jury instructions which would be applicable to the battery claim are found at New Mexico Uniform Jury Instructions 13-1109A-C. In those instructions, the question of consent is narrow and straightforward: "For a consent to be

---

[2] In support of the contention that Defendant failed to inform Plaintiff that Defendant was not qualified to perform the procedure, Plaintiff offers evidence of a settlement offer sent to Defendant by the New Mexico Regulation and Licensing Department. *Doc. 10*, Ex. 1. The Court first notes that it generally may only consider facts alleged within the complaint in deciding a Rule 12(b)(6) motion. *County of Santa Fe, N.M. v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1035 (10th Cir. 2002). Although there is an exception to this general rule that permits a court to consider extrinsic evidence when it is "central to the plaintiff's claim and the parties do no dispute the [evidence's] authenticity," *id.*, this exception does not apply because it is unclear how the existence of a settlement offer made *after* the specific procedure at issue has any bearing on the central factual issue at stake in a medical battery claim: whether the plaintiff consented to the procedure.

6

valid, the patient … must know and agree to the specific [treatment] [operation] [procedure] which the doctor performs." N.M. R. Ann. 13-1109B (Battery; Validity of Consent). Therefore, the New Mexico Uniform Jury Instructions support, as they must, the *Gerety* distinction between medical battery and medical malpractice.

Next, Plaintiff argues that *Dills v. New Mexico Heart Inst., P.A.* demonstrates that "it is for the jury to decide whether this was a subjectively reasonable and informed consent based upon the particular facts of this case." *Doc. 10* at 5. In *Dills*, the court reviewed a district court's jury instruction about a doctor's obligation to inform a patient of treatment alternatives when obtaining informed consent. 367 P.3d at 468–70. *Dills* did not involve a battery claim, so the quote on which Plaintiff relies is pertinent to the standard for informed consent in medical negligence claims but not to the pleading requirements for battery claims. *See id.* at 470. In fact, the *Dills* court highlighted this important distinction when it cited *Gerety*: "The [*Gerety*] Court explained that when a cause of action is in negligence – **as opposed to battery** – the physician has the obligation to obtain the patient's informed consent and also communicate to a patient information" material to the decision. *Id*. (emphasis added). As with the jury instructions, *Dills* supports the distinction on the consent question between battery and medical malpractice claims.

Finally, Plaintiff argues that *Gerety* does not control in this case because it "did not perform a detailed analysis regarding when and how a physician's failure to

7

provide a patient with the information required by NMRA 13-1104(B) rose to the level of battery as defined by (C)." *Doc. 10* at 4. This Court disagrees. In *Gerety*, the New Mexico Supreme Court spoke clearly and broadly "[b]ecause of the shambles that this case has left in the New Mexico law of malpractice and physician-battery…." 589 P.2d at 190. It held "that an action involving lack of informed consent does not lie within the traditional concepts of battery." *Id*. at 192. Plaintiff's arguments for disregarding this distinction must fail.

### III.  CONCLUSION

Defendant's Partial Motion to Dismiss (*doc. 7*) is GRANTED. The Complaint fails to allege facts sufficient to state a claim for battery under New Mexico law. Accordingly, Plaintiff's battery claim—and his request for damages flowing from the battery claim separate and apart from any damages for medical negligence—are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**