IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                                         Case No. 1:21-cv-0492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a
STEVEN J. TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS

This case arises from a medical malpractice lawsuit against Defendant Steven J. Traub, DDS (d/b/a Steven J. Traub Oral & Maxillofacial Surgery) by his former patient, Plaintiff Eric J. Bindner. While responding (Doc. 10) to a motion to dismiss (Doc. 7), Plaintiff attached an exhibit containing an excerpt of the New Mexico Board of Dental Health Care's minutes as they pertained to an administrative complaint Plaintiff had filed against Defendant. The parties disagreed on the propriety and legality of Plaintiff's decision to attach this exhibit. Defendant moved for sanctions based on Plaintiff's counsel's alleged violations of NMSA § 61-5A-25 (Doc. 18). The reach of NMSA § 61-5A-25 is not delineated clearly enough to justify the imposition of sanctions. Therefore, the Court finds that the Motion is not well-taken and DENIES it.

## BACKGROUND

Following an allegedly defective dental procedure from Defendant, Plaintiff filed suit for medical negligence and battery on May 28, 2021. Doc. 1. Defendant filed a partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of the battery claim. Doc. 7. Plaintiff responded (Doc. 10), attaching an exhibit documenting the minutes from

certain New Mexico Board of Dental Health Care ("Board") proceedings (Doc. 10-1). On September 10, 2021, the Court granted the partial motion, dismissing the battery claim. Doc. 15 at 6, 8.

Shortly before the issuance of this order, on September 3, 2021, Defendant's counsel emailed Plaintiff's counsel asserting that the exhibit violated NMSA § 61-5A-25, which calls for the confidentiality of complaints to the Board, and that Plaintiff's counsel's statements at a recent meet-and-confer conference regarding plans to subpoena Board members were "very concerning." Doc. 18-1 at 2 (filed September 15, 2021). On the same day, Defendant's counsel also challenged Plaintiff's allegation that Defendant lost his malpractice insurance due to multiple lawsuits and that Defendant had been sued repeatedly for "essentially the same failure." Doc. 18-2 at 2 (quoting Doc. 10 at 2) (emphasis removed) (filed September 15, 2021). Defendant's counsel sent the first email to Plaintiff's counsel and to the attorneys and representatives of the Board; he sent the second email only to Plaintiff's counsel. Doc. 18-1 at 4; Doc. 18-2 at 1.

On September 6, 2021, Plaintiff's counsel responded to both messages in a single email with a single letter attached, addressing only Defendant's counsel. Doc. 18-3 (filed September 15, 2021). Plaintiff's counsel referred to "information from you and representatives of your client's former insurer" as the basis of the allegations Plaintiff made. *Id.* As to the alleged violation of NMSA § 61-5A-25, Plaintiff's counsel stated that only Board members or others charged with duties under the Act are subject to the confidentiality provisions, which are governed by the Board itself, and that Subsection C classifies the contents of such complaints as public information. *Id.*

On September 9, 2021, Defendant's counsel sent Plaintiff's counsel another letter by

email, reiterating his request for evidence supporting the above disputed assertions. Doc. 18-4 (filed September 15, 2021). Plaintiff's counsel responded the same day, refusing to participate in an "improper *ad hoc* discovery process of your choosing in response to your meritless threats of Rule 11 sanctions." Doc. 18-5 at 2 (filed September 15, 2021). A few days later, Defendant's counsel filed the present Motion seeking sanctions. Doc. 18.

## DISCUSSION

The Motion does not invoke Rule 11; instead, it invokes the inherent authority of the Court to impose sanctions according "to its sound discretion." Doc. 18 at 7. It requests "that the Court consider sealing those portions of the record, including the relevant papers that concern the administrative complaint and settlement proposal that was disclosed in Plaintiff's Response," Doc. 10-1. *Id.* The Motion is therefore not only a motion for sanctions, but also a motion to seal. The Court addresses the sealing component first.

### I.     Motion to Seal

When analyzing a motion to seal, a court begins with a "strong presumption in favor of public access." *U.S. v. Bacon*, 950 F.3d 1286, 1293 (10th Cir. 2020). The party seeking to seal "bears the burden of showing some significant interest that outweighs the presumption." *U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation omitted). The court's decision is "necessarily fact-bound," to be made "in light of the relevant facts and circumstances of the particular case." *U.S. v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). Although courts have discretion in this matter, *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 599 (1978), the party seeking to seal bears a "heavy burden," *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011). An unpublished Tenth Circuit case blesses a three-step process to guide courts' discretion: first examining the public's interest in the information, then

examining the moving party's interest in sealing, and finally weighing the two. *Riker v. Fed. Bureau of Prisons*, 315 Fed. App'x 752, 755 (10th Cir. 2009).

The Court begins with a presumption of public interest in the information Defendant seeks to seal. The public does not have a strong interest in irrelevant information. *See id.* at 755 (when documents "play only a negligible role" in the Court's duties, "the weight of the presumption is low"). The content in question here refers to a settlement offer. The Federal Rules of Evidence, as well as the New Mexico Rules of Evidence, prohibit the use of such statements "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." F.R.E. 408(a); N.M.R.E. 408(a).[1] Correspondingly, the public has little interest in access to this information.

However, Defendant's interest in sealing the exhibit is also quite low. To the extent Defendant claims any interest in sealing, it is because public disclosure poses a "continuing harm" to Defendant. Doc. 18 at 7. But the harm is presumably in the public knowing about the existence of the regulatory complaint, and the parties' extensive briefing on the motion to dismiss, as well as the current motion, discusses that complaint at length. In other words, to accommodate Defendant's stated interests, the Court would have to seal all of the briefing related to both motions *and* Judge Wormuth's order granting the motion to dismiss. *E.g.*, Doc. 15 at 6 n.2 (discussing this exhibit).[2] The public has a strong interest in access to Court opinions,

---

[1] Although the undersigned must necessarily consider Rule 408 in its analysis, questions of admissibility ultimately are reserved for the presiding judge. As such, the Court's analysis should not be misconstrued as a ruling on the admissibility of this information.

[2] To the extent Defendant complains about the disclosure of Plaintiff's allegation that Defendant lost his malpractice insurance due to multiple lawsuits and that Defendant had been sued repeatedly for "essentially the same failure," Doc. 18-2 at 2 (quoting Doc. 10 at 2), the Court has no evidence that these allegations were before the Board and therefore possibly within the purview of NMSA § 61-5A-25.

and the Court finds that interest far outweighs Defendant's conclusory allegations of "continuing harm." *See Eugene S.*, 663 F.3d at 1136 (characterizing burden to seal as "heavy"). The Court declines to withhold this document from public viewing.

**II.     Motion for Sanctions**

Beyond his efforts to seal the exhibit, Defendant's counsel asks the Court to issue whatever sanctions it feels are appropriate against Plaintiff's counsel because of the latter's violation of NMSA § 61-5A-25 and "threats" to subpoena members of the Board in this matter. Doc. 18 at 7.

Courts have an inherent power to sanction litigant misconduct, separate from their authority under Rule 11. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). In extreme instances, this power allows the court to dismiss a case. *Id.* at 45. In response to less extreme behavior, recognizing that inherent power "must be exercised with restraint and discretion," a court may assess attorney's fees. *Id.* at 44–45. The circumstances in which a court may do so include when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 45 (citations omitted). This includes when a party has defrauded the court, delayed proceedings, or interfered with a court order, or more poetically, when "the very temple of justice has been defiled." *Id.* In short, these sanctions punish "bad-faith misconduct" during the litigation process. *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1255 (10th Cir. 2015).

Here, the parties dispute whether Plaintiff's counsel violated § 61-5A-25(B) which states:

> All written and oral communication made by any person to the board or the committee relating to actual or potential disciplinary action, which includes complaints made to the board or the committee, shall be confidential communications and are not public records for the purposes of the Public Records Act. All data, communications and information acquired, prepared or disseminated by the board or the committee relating to actual or potential disciplinary action or its investigation of complaints shall not be disclosed except to the extent necessary to carry out the purposes of the board or the committee or

> in a judicial appeal from the actions of the board or the committee or in a referral of cases made to law enforcement agencies, national database clearinghouses or other licensing boards.

The parties dispute whether the provision binds only Board members from divulging complaints or the provision binds anyone who has access to this information, and 2) whether only the Board can discipline those who violate this provision or the Court also has this authority. The parties have cited no case law to guide the Court's decision on either of these matters, and the Court has not found any. The statute itself is somewhat ambiguous; it has a blanket prohibition against "disclos[ure]" in the passive voice, meaning it simply does not answer the question of who is prohibited from disclosure. Does this mean a victim of medical malpractice who discloses his allegations to the Board is thereafter barred from repeating those same allegations in any other forum? The answer to this question is beyond the scope of the parties' briefing and this Opinion. However, the Court does observe that the statute's reference to the Public Records Act, in context, supports the interpretation that this provision only binds governmental actors.

Nonetheless, the Court need not reach a definitive interpretation of the statute in order to deny the request for sanctions. Although the effective function of our judicial system depends on a judge's willingness to hold accountable parties who knowingly violate a rule of law by crossing a line a statute has clearly set, the Court is not inclined to sanction a party who crosses a line the party cannot reasonably see. The dispute over the language of the statute, and the fact that no case law apparently exists interpretating it, demonstrates that Plaintiff did not cross a line so clearly demarcated that sanctions are warranted. The relevant question is whether language in the statute or other legal authority placed Plaintiff on reasonable notice that attaching an exhibit to a subsequent court filing would violate the statute and expose him to sanctions. Defendant has cited no law that clearly supports the interpretation that a complainant cannot disclose his own complaint. Further, there is no evidence either party acted in bad faith. None of the disputed

conduct involves fraud, interference with court orders, or defiling the temple of justice; accordingly, the Court will not issue sanctions. Defendant's Motion is therefore **DENIED**.

### III.     Show Cause Order

In his response, Plaintiff's counsel asks the Court to issue a show cause order against Defendant requiring Defendant to demonstrate the good faith basis for the present Motion. Doc. 28 at 5. All Rule 11 issues belong to a district court's sound discretion. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). Rule 11 requires that attorneys file their papers for a proper purpose—i.e., not to harass or delay—and that the contents of those papers have support from existing law or a nonfrivolous argument to extend the law. Fed. R. Civ. P. 11. A court's analysis in this context measures whether an objectively reasonable attorney admitted before the court would file a similar document. *Collins v. Daniels*, 916 F.3d 1302, 1320 (10th Cir. 2019). But this standard is "a tough one to satisfy" because under the adversary system, "an attorney can be rather aggressive and still be reasonable." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1187 (10th Cir. 2015).

Here, Defendant's attorney attaches relevant documentation pertaining to the dispute between him and Plaintiff's attorney. He clearly explains his interpretation of the statutory language that he believes renders Plaintiff's exhibit unauthorized. He cites to precedent supporting the federal judiciary's inherent power to sanction. This is reasonable. The fact that Defendant's counsel's argument did not persuade the Court does not make it worthy of Rule 11 sanctions. The Court will not issue the show cause order that Plaintiff's counsel requests.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE