IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

          v.                                  Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a STEVEN J.
TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

## ORDER GRANTING IN PART AND TAKING UNDER ADVISEMENT IN PART MOTION FOR STAY OF DISCOVERY

Following an allegedly defective dental procedure, Plaintiff filed suit for medical negligence and battery on May 28, 2021. Doc. 1. Based on what Defendant perceives are deficiencies in Plaintiff's expert's report, Defendant has moved for summary judgment and moved to exclude the expert's supplemental report. Docs. 54 & 55. Because the motions, if granted, would be dispositive, Defendant also moves to stay discovery in order to protect the parties from the unnecessary burdens of time and expenses. Doc. 40.

This Court has broad discretion to stay proceedings incident to its power to manage its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) ("the district court has the power to stay proceedings before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants"); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 591 (10th Cir. 2007) (the court has broad discretion to manage the progression of discovery). The Court may also issue a stay of discovery pursuant to Federal Rule of Civil

Procedure 26(c), which for good cause shown allows the Court to limit discovery to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

In his opposition, Plaintiff brings to the Court's attention that "the New Mexico Dental Board's has [sic] refused to provide the additional materials which will most likely bolster [Plaintiff's expert's] opinions regarding Defendant's negligence." Doc. 44 at 3. Plaintiff expects to prevail on the issue of whether these materials should be released as public records. *Id.* Plaintiff does not predict what the timing will be on obtaining these records, but supports a stay until "until fifteen (15) days after the Dental Board records are released as public records." *Id.* at 4.

Defendant's reply contends that the records are not relevant to its dispositive motions, Doc. 48 at 4-5, but does not argue with Plaintiff's suggestion that the stay continue until at least fifteen days after these records are released. Because the request for a stay until "until fifteen (15) days after the Dental Board records are released" is unopposed, the Court grants that portion of Defendant's motion to stay discovery. Plaintiff shall notify the Court when the records are released, or notify the Court if Plaintiff receives an adverse decision on the matter of whether the records are public. The Court will take under advisement the issue of whether the discovery stay should continue after that date.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's Motion to Suspend All Case Management Deadlines Pending The Court's Ruling On Motion For Summary Judgment, Doc. 40, is GRANTED IN PART and TAKEN UNDER ADVISEMENT in part;

2. All pending, future case management deadlines are VACATED;

3. Discovery is STAYED until fifteen days after the Dental Board records are released; or pending decision on Defendant's Motion for Summary Judgment (Doc. 54) and Defendant's Motion To Strike Plaintiff's Supplemental Expert Disclosure And Report (Doc. 55), whichever is earlier; and

4. Plaintiff shall notify the Court if and when the Dental Board records are released, unless the case is resolved prior to that time.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE