IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.   Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS, *doing business as* STEVEN J. TRAUB
ORAL & MAXILLOFACIAL SURGERY,

    Defendant.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE

THIS MATTER comes before the Court on Defendant's Motions for Summary Judgment (*docs. 39, 54*) and to Strike Plaintiff's Supplemental Expert Disclosure and Report (*docs. 43, 55*). Having reviewed the Motions and their attendant briefing (*docs. 42, 47, 61, 65, 70*) and being fully advised in the premises, the Court DENIES both Motions.

I.    **BACKGROUND**

This case arises from a dental procedure that Defendant conducted on Plaintiff on May 30, 2018, and injuries that Plaintiff allegedly incurred from this treatment. *See doc. 1* at ¶¶ 5-11, 14. Almost three years later, Plaintiff filed his Complaint for Damages Caused by Medical Negligence, raising medical negligence and battery claims against

Defendant for "fail[ing] to act as a reasonably well qualified dentist would act under similar circumstances" when treating Plaintiff and obtaining Plaintiff's consent for the treatment. *See id.* at ¶¶ 11-13. In September 2021, the Court dismissed Plaintiff's battery claim for failing to state a claim. *See doc. 15* at 4-6.

Later that month, the Court set November 30, 2021, as Plaintiff's Rule 26(a)(2) expert disclosure deadline. *See doc. 21* at 2 & n.2 (requiring disclosures to contain "the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify" and experts "retained or specifically employed to provide expert testimony [to] submit an expert report by this date"). The parties extended this deadline to December 16, 2021, via a Court-approved stipulation. *See doc. 34*.

On that date, Plaintiff served Defendant with his expert disclosures, including an expert report by Jay S. Grossman, D.D.S. *See doc. 38; doc. 54-1.* In this report, Dr. Grossman states that after reviewing the Complaint; Defendant's initial disclosures; an exhibit from New Mexico Dental Board proceedings; and records from the Department of Veterans Affairs, Dr. Collette, Familia Dental Esp., John Mitchell D.D.S., Oppel Family Dentistry, and Santa Fe Dentist, he "cannot make a final opinion if there is a breach of the standard of care until [he] see[s] the documents from the dental board." *Doc. 54-1* at 5. On January 11, 2022, Plaintiff served Defendant with Dr. Grossman's

Supplemental Expert Report.  *See doc. 41; doc. 42-1.*  In the supplemental report, Dr. Grossman opines based on a review of records from Mark Niemiec D.D.S, in particular, and records reviewed for his initial report, in general, that the placement of one implant during the May 30, 2018, procedure breached the applicable standard of care.  *See doc. 42-1 at 4-8.*  He also reiterates that "[t]he records of the dental board will be required for [him] to complete [his] review and have a definite opinion of the events."  *See id.* at 8.

Meanwhile, Plaintiff filed suit against the New Mexico Dental Board on January 3, 2022, to enjoin the Board to produce documents that he had requested on December 10, 2021, pursuant to New Mexico's Inspection of Public Records Act.  *See doc. 42-5* at 1, 6.  On February 23, 2022, the Board provided Plaintiff with the requested documents.  *See doc. 67.*  On March 9, 2022, Plaintiff served Defendant with Dr. Grossman's Second Supplemental Expert Report.  *See doc. 70-1.*  In that report, Dr. Grossman identifies, based on a review of, *inter alia*, previously recounted records and the dental board documents, several "breaches of the standard of care" in the installation of implants during the May 30, 2018, procedure and opines about the future medical expenses that Plaintiff will incur from these breaches.  *See id.* at 3-11.

Meanwhile, Defendant filed the instant Motions for Summary Judgment and to Strike Plaintiff's Supplemental Expert Disclosure and Report, *see doc. 39; doc. 43*,[1] as well

---

[1] The original filings for these Motions (*docs. 39, 43*) and the reply to the Motion for Summary Judgment (*doc. 45*) are stricken from the public record.  *See doc. 51, 64.*  The versions of these Motions to which the

3

as a Motion to Suspend All Case Management Deadlines Pending the Court's Ruling on Motion for Summary Judgment, *see doc. 40*. The Court granted last Motion in part, staying pretrial proceedings until fifteen days after the Dental Board's production of documents (as Plaintiff did not oppose such a stay). *See doc. 57* at 2. The Court then extended the stay through a status conference about pretrial deadlines on March 17, 2022. *See doc. 68*. At that conference, the Court directed the parties to meet and confer about whether to continue the stay. *See doc. 73* at 2. The parties stipulated to lifting the stay and new pretrial deadlines, which the Court adopted. *See doc. 76*.

Defendant's Motion for Summary Judgment seeks "summary judgment as to the entirety of Plaintiff's remining claims … because Plaintiff failed to timely disclose an expert witness with required opinions on the applicable standard of standard of care, breach, and causation." *Doc. 54* at 1. Plaintiff responded in opposition on January 12, 2022. *See doc. 42*. Briefing on the Motion for Summary Judgment was initially complete on February 14, 2022, *see doc. 66*, with the Court-ordered refiling of Defendant's reply, *see doc. 65*. On March 9, 2022, Plaintiff filed a Supplemental Response to update his opposition to account for the content of Dr. Grossman's Second Supplemental Expert Report. *See doc. 70*.[2]

---

Court cites in this Order are those Plaintiff refiled on February 8, 2022, *see docs. 54, 55*, and February 14, 2022, *see doc. 65*, pursuant to the Court's orders to do, *see doc. 51, 64*.

[2] Defendant opposed the filing of the Supplemental Response initially but later withdrew his opposition. *See doc. 74*.

4

As for the Motion to Strike, this Motion seeks to strike Dr. Grossman's Supplemental Expert Disclosure Report as untimely and for being served without leave of the Court. *See doc. 55* at 1. Plaintiff responded in opposition on January 28, 2022. *See doc. 47*. Briefing was complete on the Motion to Strike on February 11, 2022, *see doc. 62*, with the filing of Defendant's reply, *see doc. 61*.

## II.     MOTION TO STRIKE

Striking Dr. Grossman's Supplemental Expert Report is inappropriate. Although Plaintiff provided the expert opinions and other information in this report after the December 16, 2021, deadline for doing so, the short delay in providing that information was harmless. Federal Rule of Civil Procedure 26(a) requires parties to disclose, *inter alia*, their experts' opinions and the facts and data that their experts considered in forming these opinions by the deadline that the Court sets for doing so. *See* Fed. R. Civ. P. 26(a)(2)(B), (D). If a party fails to disclose information by this deadline, Federal Rule of Civil Procedure 37(c) bars that party from "us[ing] that information … to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Factors that guide this discretion include: "(1) the prejudice or surprise to the party against whom the

testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* The balance of these factors favors Plaintiff. While greater diligence from Plaintiff may have enabled Dr. Grossman to present the opinions in his Supplemental Expert Report by the deadline for doing so, the twenty-seven-day delay in these opinions' production was harmless.

### A. THE SUPPLEMENTAL EXPERT REPORT DOES NOT PREJUDICE DEFENDANT

Receiving the expert opinion and other information in Dr. Grossman's Supplemental Expert Report a mere twenty-seven days after Plaintiff's expert disclosure deadline did not cause Defendant unavoidable or uncurable prejudice. Defendant argues that Plaintiff's failure to timely produce an expert report containing an expert opinion prompted him to not only "cancel[] previously set depositions of fact witnesses because Plaintiff, without expert opinion testimony, cannot satisfy his burden of proof in a medical negligence case" but also "incur[] significant time and expense in moving for summary judgment [and] the Court to suspend all unexpired, pending case management deadlines." *Doc. 55* at 5. However, spending time, money, and resources on these procedural gambits was Defendant's choice. Defendant could have avoided these expenditures altogether by not attempting to resolve Plaintiff's claims on procedural technicalities or exploit Plaintiff's inability to obtain all the documents that

6

Dr. Grossman needed to form his opinions by his expert deadline. Any prejudice that motion practice and the cancelation of depositions has posed to Defendant is self-inflicted and not grounds for striking Dr. Grossman's Supplemental Expert Report. *See Deere v. XPO Logistics Freight, Inc.*, 798 F. App'x 278, 284 (10th Cir. 2020) (finding that a district court did not abuse its discretion in denying a motion to strike where the prejudice a movant incurred from an untimely disclosure was self-inflicted).

Similarly, the Court is unsympathetic to any challenge that Plaintiff's piecemeal disclosure of Dr. Grossman's opinions poses to Defendant's ability to defend against them. Such challenges, like Defendant's expenditures, were avoidable. Defendant knew that Dr. Grossman needed to review dental board records before finalizing his opinions, *see doc. 54-1* at 5, and could have worked with Plaintiff to reset the deadline for Plaintiff's expert disclosures to a date after Plaintiff received these records. Instead, Defendant chose not to do so,[3] requiring Plaintiff to produce an initial expert report on the December 16, 2021, deadline, supplement the expert report to respond to Defendant's motion for summary judgment, and then supplement the report a second time once the dental board released the records Dr. Grossman needed to finalize his

---

[3] The Court notes that Plaintiff never moved for a second extension of his expert disclosure deadline despite his inability to obtain the documents his expert needed to finalize his opinions before the December 16, 2021, deadline. Such a motion might have obviated (or at least reduced) the briefing presently before the Court. Plaintiff's failure to make such a motion, while vexing, did not give Defendant carte blanche to exploit the deficiencies in Dr. Grossman's initial expert report without first working with Plaintiff to cure them. The Court prefers to resolve cases on their merits, not procedural technicalities, and expects parties to work together to facilitate that goal.

opinions. Defendant helped to sow this piecemeal disclosure and so must reap any difficulties that arise from it.

### B. THE SUPPLEMENTAL EXPERT REPORT DOES NOT DISRUPT TRIAL

Turning to disruptions of trial, the twenty-seven-day delay in the production of the information in Dr. Grossman's Supplemental Expert Report has not disrupted trial. The Court's original trial setting remains in effect. *See doc. 30*. The Court did amend its scheduling order to reset Defendant's expert deadline, the discovery deadline, and the dispositive motion deadline to account for the delay in pretrial proceedings caused by a short stay. *See doc. 76*. However, the primary genesis for the stay was the difficulty Plaintiff faced in obtaining dental board records, not the delayed production of the opinions in Dr. Grossman's Supplemental Expert Report. *See doc. 57* at 2 (taking under advisement the issue of where the stay requested by Defendant should continue after Plaintiff received these records); *doc. 68* (extending the stay through a status conference set for March 17, 2022); *doc. 76* (lifting the stay after the status conference).

### C. DELAYED DISCLOSURE OF THE SUPPLEMENTAL EXPERT REPORT IS NOT WILLFUL OR DONE IN BAD FAITH

Finally, Plaintiff's twenty-seven-day delay in producing the expert opinion and other information in Dr. Grossman's Supplemental Expert Report was negligent at most, not willful or done in bad faith. The opinions in Dr. Grossman's Supplemental Expert report rely primarily on records from Dr. Niemiec, *see doc. 42-1* at 7-8, which

8

Plaintiff did not receive until Defendant requested these records on December 6, 2021, *see docs. 65-5, 65-6*, and then shared them with Plaintiff on January 5, 2022, *see doc. 65-7*. Six days later, Plaintiff provided Defendant with Dr. Grossman's Supplemental Expert Report. *See doc. 41*. This rapid turnaround exhibits an intention to disclose Dr. Grossman's expert opinions to Defendant as quickly as circumstances allowed, not bad faith.

Defendant contends that bad faith arises from Plaintiff not identifying Dr. Niemiec as one of his healthcare providers in his initial disclosures or obtaining records from Dr. Niemiec himself at that time. *See doc. 61* at 9-12; *doc. 65* at 10-11. The non-disclosure of Dr. Niemiec is irksome. Dr. Niemiec provided dental care to Plaintiff in 2018 and 2019, *see docs. 65-1, 65-2*, and so should have been listed in Plaintiff's initial disclosures, *see* D.N.M.LR-Civ. 26.3(d)(1) (requiring a party whose physical condition is at issue to "make a good faith effort" to produce "a list of the name, address and phone number of any healthcare provider … which ha[s] treated the party within the last five (5) years preceding the date of the occurrence set forth in the pleadings and continuing through the current date"). Ordinary prudence also dictates that Plaintiff (or his attorney) would proactively obtain medical records from former healthcare providers like Dr. Niemiec so that his expert could use them to inform his opinions prior to the expert disclosure deadline.

9

Plaintiff attributes his failure to include Dr. Niemiec in his initial disclosures to "his permanent mental and emotional disability which he suffered in connection with his military service." *Doc. 47* at 1; *see also doc. 47-1* (stating that Plaintiff is seventy percent disabled on the Department of Veterans Affairs' scale due to post-traumatic dress disorder). This attribution is unconvincing. Plaintiff's disability may prevent him from recalling all his healthcare providers, but promptly obtaining records from the Department of Veterans Affairs (a healthcare provider recalled by Plaintiff in his Complaint, *see doc. 1* at ¶¶ 4, 7-8) and thoroughly reviewing these records should have informed Plaintiff's counsel that Dr. Niemiec was one of Plaintiff's former healthcare providers, *see doc. 61-13* at 1, 3-4, 6-7, 9-12 (repeatedly listing Dr. Niemiec as a treating dentist).

Ultimately, though, Plaintiff's conduct with respect to disclosing and obtaining records from Dr. Niemiec was at worst negligent, rather than willful or an exhibit of bad faith. Occasionally, this Court and its sister courts have sanctioned litigants for negligence resulting in prejudicial, untimely disclosures. *See, e.g., City of Las Cruces v. United States*, Civ. No. 17-809, 2021 WL 330062, at *24-25 & n. 8 (D.N.M. Feb. 1, 2021); *Jama v. City & Cnty of Denver*, 304 F.R.D. 289, 300-02 (D. Colo. 2014). But even if Plaintiff was negligent in identifying Dr. Niemiec as a healthcare provider and obtaining medical records from this relationship, and his negligence contributed to the belated disclosure of the opinions in Dr. Grossman's Supplemental Expert Report, striking that

report would be inappropriate as the short delay in disclosing these opinions has not caused Defendant unavoidable and uncurable prejudice.

Defendant also recites a litany of other purported disclosure violations by Plaintiff as evidence for a pattern of willfulness and bad faith. *See doc. 55* at 7-9 (alleging various deficiencies and delays in Plaintiff's initial disclosures, identification of health care providers required by local rules, and production of medical records and authorizations for release of records as required by these rules). These violations suggest that Plaintiff's disclosure of information needed to investigate his dental condition has not proceeded as smoothly as the Court desires or its local rules envision. But like the identification of Dr. Niemiec, the alleged deficiencies and delays in Plaintiff's initial disclosures and production do not rise to the level of bad faith. Beyond their relevance to establishing a pattern, the propriety of Plaintiff's initial disclosures and concomitant production is not before the Court. To the extent that Defendant believes that sanctions are needed to cure any prejudice it has incurred from delays and deficiencies in Plaintiff's initial disclosures, it must seek those sanctions in an independent motion.

## III.    MOTION FOR SUMMARY JUDGMENT

Having resolved that it may consider the opinions in Dr. Grossman's Supplemental Expert Report as evidence, the Court turns to Defendant's Motion for Summary Judgment and finds that summary judgment on Plaintiff's remaining claims

for medical negligence is inappropriate at this time.  Under Federal Rule of Civil Procedure 56(a), this Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the initial burden of showing "that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  "Where, as here, the burden of persuasion at trial would be on the nonmoving party, the movant may carry its initial burden … by 'demonstrat[ing] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.'"  *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019) (quoting *Celotex Corp.*, 477 U.S. at 331).

As a medical malpractice plaintiff, Plaintiff "has the burden of showing that (1) [D]efendant owed [him] a duty recognized by law; (2) [D]efendant breached the duty by departing from the proper standard of medical practice recognized in the community; and (3) the acts or omissions complained of proximately caused [P]laintiff's injuries."  *Blauwkamp v. Univ. of N.M. Hosp.*, 836 P.2d 1249, 1252 (N.M. Ct. App. 1992).  "Expert testimony from a competent medical professional is required" to prove each of these elements and "failure to proffer expert testimony at summary judgment … is almost always fatal to a medical malpractice claim."  *Payne v. United States*, CV 17-0536

JCH/JHR, 2021 WL 5371423, at *2 (D.N.M. Nov. 18, 2021) (gathering federal and state cases).

Defendant contends that he is entitled to summary judgment on "all [Plaintiff's] remaining claims for medical negligence because Plaintiff failed to timely disclose court-ordered expert opinions necessary to support elements of duty, breach, and causation." *See doc. 54* at 5 (footnote omitted). These opinions' untimely disclosure is relevant to whether the Court may consider them as evidence when ruling on the instant Motion for Summary Judgment. *See* Fed. R. Civ. P. 37(c)(1). Having found the untimely disclosure of the opinions in Dr. Grossman's Supplemental Expert Report harmless, the Court considers them as evidence and finds them sufficient to establish the elements of duty, breach, and causation for at least one of Plaintiff's medical malpractice claims.[4] *See doc. 42-1* at 2, 8 (opining that the placement of one implant breached the standard of care and caused the implant to fail). Summary judgment on all claims for want of expert evidence is therefore inappropriate.

Defendant also contends that the Court should not consider Dr. Grossman's Supplemental Report because its content "is inadmissible hearsay." *See doc. 65* at 9-10.

---

[4] The Court does not consider the question of whether Plaintiff's Motion for Summary Judgment may be granted in part as to one, but not both, of Plaintiff's medical malpractice claims since the Motion does not contain argument specific to either claim. The Court notes that Defendant has since moved for partial summary judgment on the informed consent medical malpractice claim on the theory that Dr. Grossman's expert opinions—including those expressed in his Supplemental Expert Report—are insufficient to establish this claim's breach and duty elements. *See doc. 93* at 9-12. This Order expresses no opinion about whether the opinions in Dr. Grossman's Supplemental Expert Report are sufficient to establish these elements.

This contention is easily rejected. It is well-established that at the summary judgment stage "evidence need not be submitted 'in a form that would be admissible at trial'" so long as its "content or substance [is] admissible." *See, e.g.*, *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995)). The opinions in Dr. Grossman's Supplemental Expert Report may be hearsay in their present form but Dr. Grossman can testify to them at trial, eliminating the hearsay concern. He is, after all, Plaintiff's expert witness, identified for the purpose of providing this testimony at trial. *See doc. 54-1* at 1.

## IV. CONCLUSION

For the reasons explained above, the Court DENIES Defendant's Motion for Summary Judgment (*docs. 39, 54*) and Defendant's Motion to Strike (*docs. 43, 55*).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**