IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                      Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS, *doing
business as* STEVEN J. TRAUB
ORAL & MAXILLOFACIAL SURGERY,

    Defendant.

## ORDER DENYING RULE 56(d) REQUEST

THIS MATTER comes before the Court on Plaintiff's Supplemental Rule 56(d) Response to Defendant's Motion for Partial Summary Judgment on Negligent Informed Consent Claims. *See doc. 111.* Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff's Supplemental Response requests the Court to defer "considering [Defendant's Motion for Partial Summary Judgment (*doc. 93*)] until fourteen (14) days after [] Plaintiff's deposition transcripts are produced." *Id.* at 2. Having reviewed this Rule 56(d) request and being fully advised in the premises, the Court DENIES it and DIRECTS Plaintiff to respond to Defendant's Motion for Partial Summary Judgment on Negligent Informed Consent Claim **within seven (7) days of the issuance of this Order**.

Federal Rule of Civil Procedure 56(d) allows for deferred consideration of a motion for summary judgment "[w]hen [f]acts [a]re [u]navailable to the [n]onmovant." Fed. R. Civ. P. 56(d). The "general principle" of Rule 56(d) is that "summary judgment

should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (cleaned up). The party seeking additional time "must explain why facts precluding summary judgment cannot be presented." *Id.* (citation omitted). "This includes identifying (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (cleaned up). The last requirement is particularly essential, as Rule 56(d) "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993) (quoting *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986)).

Plaintiff's Rule 56(d) request fails to explain why facts precluding summary judgment cannot be presented at this time. Plaintiff contends that he needs transcripts from his deposition to present "[t]he factual basis for [his] informed consent claims." *Doc. 111* at 1; *see also doc. 111-1* at ¶ 4. As the deponent for his deposition, though, Plaintiff can present this information right now via affidavit. *See Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) ("[E]vidence need not be submitted 'in a form that would be admissible at trial'" but its "content or substance …

2

must be admissible.") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), and *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 485 (10th Cir. 1995)).

IT IS HEREBY ORDERED that Plaintiff's Rule 56(d) Request in his Supplemental Rule 56(d) Response to Defendant's Motion for Partial Summary Judgment on Negligent Informed Consent Claims for the Court to defer considering Defendant's Partial Summary Judgment on Negligent Informed Consent Claim IS DENIED.  IT IS FURTHER ORDERED that Plaintiff shall file a response to Defendant's Partial Summary Judgment on Negligent Informed Consent Claim by **June 22, 2022**, and that Defendant shall file a reply to Plaintiff's response by **June 29, 2022**.[1]

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

---

[1] The Court sets these deadlines in an attempt to preserve the July 21, 2022, setting for the pretrial conference, the August 8-12, 2022, setting for jury trial, and deadlines associated with these settings. *See* doc. 30.