IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.   Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a STEVEN J.
TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

## ORDER COMPELLING RESPONSES TO INTERROGATORIES

This matter comes before the Court on: (1) Defendant's Motion For An Order Striking Untimely Objections And Compelling Full And Complete Answers And Responses To First Set Of Interrogatories And Requests For Production, filed April 23, 2022, Doc. 88 ("Defendant's First Motion to Compel"); and (2) Defendant's Motion For An Order Compelling Full And Complete Answers And Responses To Second Set Of Interrogatories And Requests For Production, filed May 6, 2022, Doc. 91 ("Defendant's Second Motion to Compel"). For the reasons set forth below, the Court grants the motions in part and orders Plaintiff to answer the interrogatories. The Court denies the motions in part as they pertain to the responses to the Requests for Production.

## BACKGROUND

Plaintiff filed this case on May 28, 2021. Doc. 1. The parties met and conferred on September 1, 2021. Doc. 16 at 1. The Court issued the first scheduling order on September 21, setting a discovery closing date of February 18, 2022. Doc. 21. The presiding judge, Judge

Wormuth, set this case for trial starting August 8, 2022 with a pretrial conference on July 21, 2022. Doc. 30.

On December 10, 2021, Defendant served his first set of Interrogatories and Requests for Production on Plaintiff. Doc. 37 (certificate of service). Plaintiff's response would have been due in 30 days, or January 10, 2022 (the next business day after the expiration of the deadline). In the meantime, however, Defendant filed a motion for summary judgment on December 28, 2021, Doc. 39, and moved to stay discovery pending decision on that motion on January 3, 2022, Doc. 40. Plaintiff opposed the motion to stay pending decision on the motion for summary judgment, but agreed to a stay pending an anticipated production of records from the New Mexico Dental Board. Doc. 44 at 4. Accordingly, on February 20, 2022 the Court ordered a partial stay of discovery pending production of these records. Doc. 57. The Court held in abeyance the remaining request for a stay until decision on the motion for summary judgment. *Id.*

After some disagreement about whether the order was retroactive, the parties agreed to resolve their disputes in an informal status conference on March 17, 2021. Doc. 71. At that status conference, defense counsel specifically noted Plaintiff had not yet responded to the Interrogatories and Requests for Production. Doc. 73 at 1 (clerk's minutes). The parties agreed they should proceed with fact discovery but delay expert witness discovery. *Id.* at 2. The Court asked the parties to confer and propose an order including deadlines for fact discovery and staying expert discovery until the decision on summary judgment. *Id.*

After this informal conference, the parties submitted a proposed order that did not bifurcate fact and expert discovery. Instead, the parties stipulated to an extension of Defendant's expert deadline, and agreed to an end date of May 7, 2022 for *all* discovery. Doc. 76. The parties also agreed to new a motions deadlines, for both pretrial motions and discovery motions, of May

7, 2022. *Id.*

On March 24, Defendant served his second set of Interrogatories and Requests for Production. Doc. 75 (certificate of service). Plaintiff responded to both the first and the second set of interrogatories on April 18. Doc. 85; Doc. 86. On April 23, Defendant filed his First Motion to Compel, relating to the first set of interrogatories served on December 10, 2021, arguing that the responses were untimely and thus all objections were waived. Doc. 88. In the alternative, Defendant contended that Plaintiff's objections were not well founded and Plaintiff should be compelled to provide full and complete answers. *Id.* On May 6, Defendant filed his Second Motion to Compel relating to the second set of interrogatories. Doc. 91. This motion did not argue Plaintiff's second responses were untimely, but raised the same argument that Plaintiff's objections were not well founded and should be overruled. *Id.*

## **DISCUSSION**

Defendant moves to compel answers to his first and second sets of Interrogatories and Requests for Production. Plaintiff's answer to every interrogatory consisted of a single objection: that Defendant had served more interrogatories than permitted. Doc. 88-5 at 1-8; Doc. 91-3 at 1-2. With respect to the requests for production, Plaintiff either did not object, or responded despite the objection, and did not indicate that Plaintiff was withholding any documents pursuant to the objections. Doc. 88-5 at 9-15; Doc. 91-3 at 4.

A.    <u>Meet and confer</u>

Plaintiff contends that Defendant failed to adequately meet and confer regarding the relief requested in the motions. Doc. 94 at 3. As already noted, Plaintiff served his objections to the first set of interrogatories on Monday, April 18. Doc. 85. On Friday, April 22 at 5:11 pm, defense counsel emailed Plaintiff's counsel a copy of the First Motion to Compel, stating: "Please see the attached motion to strike and compel I intend to file by noon tomorrow. Please let

3

me know if you oppose the relief requested." Doc. 94-3 at 1. Plaintiff's counsel responded at 8:33 am on Saturday, April 23:

> If you recall you and I were supposed to speak this week about reaching an agreement short of asking for court intervention. I did call you one day and We agreed the next day and try to come up With a solution. In general I don't have a problem with the information you are seeking although you've gotten much of this from Mr. Binder's Deposition.
>
> I still think it makes more sense to speak and go over the discovering together. I am sure that if we do so we will be able to work this out.. I ask that you call me instead of filing a motion and see if we can work to resolve the issue. I look forward to hearing from you and To a Meaningful Good faith effort to solve this problem. Feel free to call my mobile 505-263-5041 anytime.

Doc. 94-3 at 1 [sic, generally].

At 11:48 am, Defendant's counsel emailed a letter to Plaintiff's counsel. Doc. 91-4. The letter recognizes that Plaintiff represented on April 8, 2022 that Plaintiff intended to communicate about the discovery, but states that Plaintiff never did. Doc. 91-5 at 1. The letter contends that Plaintiff never responded to the correspondence sent on April 18, and expresses defense counsel's belief that the time for a productive meet and confer had passed. *Id.* at 1-2. This letter also expresses Defendant's disagreement with Plaintiff's answers to the second set of interrogatories on the same grounds, and requests that Plaintiff "supplement full and complete answers and responses to Dr. Traub's Second Set of Interrogatories and Requests for Production by close of business Monday, April 25, 2022." *Id.* at 3.

Defendant filed the First Motion to Compel at 1:34 pm on the same day as this correspondence, April 23, 2022. Doc. 88. Defendant filed the Second Motion to Compel on May 6, 2022. Doc. 91.

In his briefing, Plaintiff's counsel reiterates his contention that he had a phone call with defense counsel sometime the week of April 18, the result of which was agreement to talk again the next day and come up with a solution as to the number of interrogatories Plaintiff would

answer. Doc. 94 at 3. According to Defendant's counsel in the April 23 letter, however:

> I do not recall that you and I were supposed to speak this week because the conversation you reference never happened. Your email goes on to state the following: "I did call you one day and [w]e agreed the next day and try to come up [w]ith a solution." I do not recall that you called me last week and I certainly do not have any understanding as to an agreement you and I made because the conversation and the agreement you reference never occurred.
>
> I must ask that you make an effort to communicate with me on these matters in writing.

Doc. 91-5 at 2. Defendant repeats this assertion in briefing before the Court. Doc. 91 at 7-8.

As Plaintiff correctly argues, failure to appropriately meet and confer can be grounds for denying a motion. And the Court does agree with Plaintiff that, generally, to "meet and confer" requires more than emailing a copy of a motion and requesting a position on the motion. The Court's Initial Scheduling Order in this case stated: "A 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically." Doc. 8 at 2 n.1.

In the particular circumstances of this case, the Court finds Defendant adequately attempted to meet and confer despite the lack of a meaningful in-person or telephone conversation. Defendant's counsel sent a lengthy letter explaining his position on the morning of April 18. Plaintiff provided no response to the substance of the letter and no meaningful discovery answers. Defendant's counsel then, on April 23, sent another lengthy letter explaining his position. This letter further reveals a dispute about whether the parties did confer on the phone, with Plaintiff asserting a phone call occurred and Defendant denying that there was a phone call. Although the Court has insufficient information to resolve the dispute about whether a phone call occurred, it notes that if Plaintiff is correct, the parties did have a telephone

conversation in furtherance of the requirement that they meet and confer. If Defendant is correct that Plaintiff made up the phone call, Defendant would be justified in requesting all future communications be in writing. The Court is also mindful that, as of the date of this letter on April 23, 2022, Plaintiff had yet to answer discovery served on December 10, 2021, despite motions deadlines and trial dates looming in the near future. Accordingly, the Court declines to deny Defendant's motions based on a failure to meet and confer.

      B.      <u>Timeliness of objections</u>

First, Defendant argues that Plaintiff waived his objections to the interrogatories by failing to timely serve them. Under Rule 33, answers and/or objections are due within 30 days of electronic service of the interrogatories. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The question of the timeliness of Plaintiff's discovery responses is murky.

The parties do not dispute this discovery was served on December 10, 2021 and that Defendant moved to stay discovery before answers and objections were due. On January 5, 2022, Plaintiff informed Defendant he would not be serving answers to the discovery until the stay issue was resolved, and stated: "Unless I hear otherwise from you, I will assume that you agree that we will have the same amount of time to file responses to written discovery from the date the court lifts the stay as we would if the discovery had been served on that day. I look forward to hearing from you." Doc. 88-2 at 1-2. Defendant agreed to a stay or extension but did not address the exact amount of time for the stay or extension. *Id.* at 2; Doc. 94-1 at 2 ("Dr. Traub does not oppose a stay (or in the alternative, an extension) on Plaintiff's existing obligations to object, answer or otherwise respond to Dr. Traub's interrogatories and requests for production."). In other words, Defendant neither explicitly agreed nor explicitly disagreed with Plaintiff's proposal (which would amount to an additional 30 days after the stay issue was resolved, on top

6

of the time already elapsed since December 10).

The Court stayed discovery for a period and then held the informal status conference on March 17, during which the parties agreed to lift the stay. Defendant then sent correspondence to Plaintiff's counsel referencing the request for 30 additional days after the stay was resolved, but again neither agreeing nor explicitly disagreeing with it. Doc. 88-2 at 3. Rather, Defendant explicitly agreed to an extension of time to respond to the first set of discovery until April 15, 2022. *Id.* April 15 passed without service of discovery responses from Plaintiff.

On Monday, April 18, at 8:04 am, Defendant's counsel sent a letter to Plaintiff asking Plaintiff to account for the "complete and total failure" to answer the first set of discovery on time. Doc. 88 at 2; Doc. 88-1; Doc. 88-2. The letter concluded:

> In an attempt to confer in good faith, please provide Plaintiff's full and complete answers and responses, without objections, to Dr. Traub's First Set of Interrogatories and First Set of Requests for Production by close of business tomorrow, April 19, 2022. If no answers or responses are received, or if they are served with untimely objections, Dr. Traub will seek appropriate relief before the Court under FED. R. CIV. P. 37(d).

Doc. 88-2 at 4. Plaintiff did not respond to this letter. Doc. 88 at 4. Later that same day, at 3:35 pm, Plaintiff served his "answers and objections" to the first set of discovery. Doc. 85; Doc. 88-3. In reality, Plaintiff served objections but no answers to the interrogatories; thus, Defendant's offer of an extension through April 19 did not apply. Accordingly, Defendant argues Plaintiff's objections are untimely.

The date offered by Defendant—April 15—is only 29 days after the March 17 status conference. Thirty days from the status conference would have fallen on a Saturday, and the next business day was (as Plaintiff argues) Monday, April 18. Doc. 94 at 2-3. The record shows that the parties never reached an explicit agreement as to whether there would be an extension of 30 days after resolving the stay issue. Defendant never explicitly objected to the 30 days, but never

7

explicitly agreed to it either.

To prevail, Plaintiff must establish that Defendant's failure to respond to a request for extension is the same as agreeing to that extension. Moreover, Plaintiff knows that Defendant did *not* agree to it, because Defendant stated instead that he agreed to an extension through April 15. In other words, Plaintiff received Defendant's offer of an extended deadline of April 15 but unilaterally decided to disregard it—without communicating with Defendant—and follow his own preferred deadline to which there was never any evidence Defendant agreed. Plaintiff addresses none of these matters in his responses and offers no citation to any authority on the topic.

The Court finds it likely that Plaintiff's objections to the first set of discovery were untimely because Defendant never explicitly agreed to the extension of time though April 18. However, the Court need not resolve whether otherwise valid objections should be waived for being raised one to three days late. This is because, as explained in the next section of this Order, the Court does not consider Plaintiff's objections to be otherwise valid.

With respect to the second set of discovery, Defendant does not make an untimeliness argument. Defendant served his second set of Interrogatories and Requests for Production on March 24. Doc. 75. Plaintiff answered them within 30 days, on April 18. Doc. 86. However, within these answers Plaintiff raised the same objection: that Defendant exceeded the number of permissible interrogatories. Therefore, the Court now turns to that objection.

C. <u>Number of Interrogatories</u>

On its face, Defendant did not serve too many interrogatories: Defendant served 15 interrogatories in the first set of discovery and two more in the second set. Doc. 88-5; Doc. 91-3. The Court's scheduling order permitted a total of 30 interrogatories. Doc. 21 at 1.

8

Plaintiff's dispute appears to be based on sub-interrogatories. "Parties cannot evade this [30-interrogatory] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." *Pouncil v. Branch L. Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011) (quoting Fed. R. Civ. P. 33(a) advisory committee's note (1993 Am.)). "'[A]n interrogatory containing subparts directed at eliciting details concerning a common theme should be considered a single question,' while an interrogatory with 'subparts inquiring into discrete areas is likely to be counted as more than one for purposes of the limitation.'" *Id.* (quoting 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1, at 39-40 (3d ed. 2010)).

Neither Plaintiff's objections nor Plaintiff's response to Defendant's motions offer any justification for, or reasoning supporting, his position that certain of the interrogatories have subparts that should be counted as separate interrogatories. Doc. 88-5; Doc. 91-3; Doc. 94; Doc. 98. Plaintiff has never explained to the Court *which* interrogatories should be counted as multiple interrogatories because the sub-units deal with more than one discrete subject. In objections, Plaintiff took the position that *every* labeled or numbered sub-interrogatory should be considered a separate interrogatory and would total 53, Doc. 88-5 at 3, then immediately conceded that some might pertain to the same subject, and then, without explanation, contended the number would still exceed 30, *id.* at 3-4. In briefing before the Court, Plaintiff simply never addresses the subject at all, except to briefly recite the general rule that sub-interrogatories on separate subjects should be separately counted. Doc. 94 at 4; Doc. 98 at 2.[1]

---

[1] Plaintiff also argues that "just about" all the information Defendant seeks was provided in Plaintiff's deposition. Doc. 94 at 4. This appears to be a new objection not raised in the discovery answers themselves, and the Court declines to consider it. Plaintiff does not attempt to show good cause for failing to timely raise the objection. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.").

Some of Defendants sub-interrogatories clearly relate to the same subject. *See* Doc. 88-5 at 3-4 (asking for witness statements along with contact information for the witness, the date of the statement, and the person who has custody of the statement); *id.* at 4 (asking Plaintiff to "identify your witnesses" and then asking for specific identification information about the witness such as the name and address and anticipated testimony); *id.* at 7-8 (inquiring into the details of Plaintiff's claimed damages); *cf.* Fed. R. Civ. P. 33 advisory committee note ("[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication."); *Perez v. Aircom Mgmt. Corp.*, No. 12cv60322, 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012) (citing these, among others, as examples of interrogatories that are "have been deemed to be not discrete and, hence, constitute one interrogatory").

Other interrogatories create a closer call but are not so obviously unrelated in their subparts that Defendants could not make a colorable argument in support of treating the interrogatory and its subparts as one. But Plaintiff did not make specific arguments related to even a single interrogatory. And the Court is not inclined to make Plaintiff's arguments for him. It finds that Plaintiff has waived his objection by not explaining the basis for it. *Greystone Const., Inc. v. Nat'l Fire & Marine Ins. Co.*, No. 07cv66, 2008 WL 795815, at *5 (D. Colo. Mar. 21, 2008) ("the party who resists discovery has the burden to show that discovery should not be allowed" (internal quotation marks omitted)); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 688 (D. Kan. 2004) ("Unless the request is [objectionable] on its face, Plaintiff, as the party resisting discovery, has the burden to support its objections.").

D.  Requests for Production

Defendant's motions also request that the Court order Plaintiff to "fully" respond to the requests for production. Doc. 88 at 10; Doc. 91 at 8. But Defendant does not explain what response should be compelled; Plaintiff never stated he was withholding documents on the basis of any objections. Nor does Defendant fully brief this issue in his motions. Defendant contends only that Plaintiff produced documents which should have been disclosed earlier as part of initial disclosures. Doc. 88 at 3-4. But this is not a matter of compelling production; this is a question of untimely production. Defendant does not specifically request any sanctions for an untimely production, and the Court therefore does not consider any.

This portion of the motion to compel is denied.

E.  Attorney's Fees

Defendant requests his fees in bringing the motions. Doc. 88 at 10; Doc. 91 at 8. "If the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Because the Court grants the motions in part and denies them in part, the Court exercises its discretion not to apportion expenses.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion For An Order Striking Untimely Objections And Compelling Full And Complete Answers And Responses To First Set Of Interrogatories And Requests For Production, Doc. 88; and (2) Defendant's Motion For An Order Compelling Full And Complete Answers And Responses To Second Set Of Interrogatories And Requests For Production, Doc. 91, are GRANTED IN PART and DENIED IN PART.

2. Plaintiff has 14 days from the date of this Order to respond to the first and second set of interrogatories. Plaintiff may not raise further objections, as Plaintiff has waived any by

not including them in the April 18 responses. No further extensions of this deadline will be permitted.

                                         _____
                                         STEVEN C. YARBROUGH
                                         UNITED STATES MAGISTRATE JUDGE