IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

    v.                                                                 Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a STEVEN J.
TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR SANCTIONS**

This matter comes before the Court on Defendant's Motion For Sanctions For Failure To Comply With A Court Order, filed August 18, 2022. Doc. 145. In this motion, Defendant contends that Plaintiff violated a Court Order requiring him to answer an interrogatory about communications with the New Mexico Regulation and Licensing Department ("RLD"). *Id.* at 2. Plaintiff served objections and responses on April 18, 2022, and after the Court Order, served supplemental responses on July 22, 2022. *Id.* at 2-3. In all of these responses, Plaintiff failed to identify or produce an email from RLD to Plaintiff's counsel dated April 7, 2022, indicating that Defendant's license to administer anesthesia expired on December 30, 2018. *Id.* at 3-4; Doc. 145-2. On August 17, 2022, Plaintiff disclosed this email as a trial exhibit, thus calling attention to the fact that he had not disclosed its existence earlier even though it was responsive to the interrogatory. Doc. 145 at 1; Doc. 145-1. Defendant now requests sanctions for violation of the Court Order, arguing for dismissal of Plaintiff's case. Doc. 145 at 9.

As a preliminary matter, Plaintiff contends Defendant's motion should be denied because Defendant did not, as Federal Rule of Civil Procedure 37(a), Local Rule 7.1(a), and the Court's

scheduling order (Doc. 8 at 2 n.1) require, confer with Plaintiff in good faith prior to filing it. Doc. 159 at 1-2. Defendant's counsel admits he emailed Plaintiff's counsel a copy of the motion and filed it about two hours after sending the email. Doc. 166 at 9. Recognizing the short time between his email to Plaintiff's counsel and the filing of his motion, Defendant's counsel offers an explanation. He explains that Plaintiff's 7:13 pm production of the RLD email, on the day motions in limine were due, caused him to hurriedly prepare and file (at 10:57 pm) a motion in limine related to this email. Doc. 166 at 9. Because the present motion for sanctions relates to the motion to limine, Defendant's counsel represents he wanted to file those two motions close in time to each other. *Id*. Therefore, he completed the motion for sanctions the next day (August 18), sent an email to Plaintiff's counsel with an advance copy of the motion at 3:12 pm, and then, having heard no response from Plaintiff's counsel, filed his motion at 5:18 pm.

      The Court agrees with Plaintiff that a two-hour gap between a good-faith request for concurrence on a motion and the filing of the motion at issue is generally insufficient to comply with Federal Rule of Civil Procedure 37(a), Local Rule 7.1(a), and the Court's scheduling order (Doc. 8 at 2 n.1). However, the Court also notes that, although these rules and orders contain no exception for instances in which a motion is presumed to be opposed, there was little chance Plaintiff would concur with Defendant's motion to sanction Plaintiff and dismiss his lawsuit. Although such a factor does not excuse noncompliance with the Court's rules and orders, it does bear on whether the Court should choose to summarily deny a motion regardless of its merits. Further, defense counsel had a legitimate interest in filing the motion for sanctions close in time to the related motion in limine and could not have predicted the need to file the motion in limine until the night that motions in limine were due. Correspondingly, defense counsel could not have predicted the need to file the motion for sanctions until the evening before filing that motion and

2

so had a limited window in which he could obtain Plaintiff's position before filing the motion. Under such circumstances, the Court declines to deny Defendant's motion for sanctions based on Plaintiff's allegations that defense counsel failed to comply with meet-and-confer requirements. For the same reasons, the Court denies Plaintiff's request for attorney's fees. Doc. 159 at 4.[1]

Turning now to Defendant's motion for sanctions, the Court notes Rule 37 permits a court to sanction a party for failing to obey a court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). Permissible sanctions include prohibiting the party from using the evidence or dismissing the action. *Id.* "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* R. 37(b)(2)(C).

The Court agrees that Plaintiff violated the Court's June 29, 2022 Order granting Defendant's motion to compel and ordering Plaintiff to answer Defendant's interrogatories. Doc. 118 at 1, 11. Among the interrogatories for which an answer was ordered was Interrogatory 16, which stated:

> Please identify and describe by date, time, subject matter, and substance, any and all communications between you, your attorneys, or any agent or person authorized to act on your behalf and any agent or representative of the New Mexico Regulation and Licensing Department, the New Mexico Board of Dental Healthcare, or any agent or representative of either or both of these entities.

Doc. 145-6 at 1. Plaintiff provided a response that did not mention the April 7 email:

> ANSWER: After I filed my Complaint with the Dental Board, I and my attorney had miscellaneous communications regarding the Complaint and the availability of records with the Dental Board. There is no record of when these

---

[1] Plaintiff cites no authority that a violation of Rule 37(a) means that a district court *must* award attorney's fees against the violating party. Doc. 159 at 4. The provision Plaintiff cites—Rule 37(b)(2)(C)—comes into play when a party has violated a *court order compelling discovery* and the significance of which is discussed below.

> communications were placed or who specifically they were with. Other than that, Plaintiff has previously provided copies of all Dental Board records (the entire file) which contains written communications.
>
> SUPPLEMENTAL ANSWER: Plaintiff received from the New Mexico Regulation & Licensing Department a letter dated July 20, 2022 (copy provided). Plaintiff provides the same in supplementation to his previous answers/responses and states that he may present the same as an Exhibit at the trial of this case.

Doc. 145-8 at 1-2. This answer does not describe or otherwise disclose the existence of the April 7 email communication about the expiration of Defendant's license to administer anesthesia.

Defendant also calls attention to Request for Production ("RFP") 13, which asked for production of the documents identified in Interrogatory 16. Doc. 145 at 2; Doc. 145-6 at 3. On April 18, 2022, Plaintiff served responses to the requests for production. Doc. 86. The response to RFP 13 noted that Plaintiff had objected to Interrogatory 16, but also stated: "Without waiving that objection . . . Plaintiff provides herewith those documents in his possession which he believes are responsive to this request." Doc. 145-6 at 3. When Defendant moved to compel responses, Plaintiff's counsel represented to the Court on May 9, 2022 that "Plaintiff has been completely forthright and provided all material information and documents responsive to the Requests For Production." Doc. 94 at 4. In ruling on the motion to compel, the Court found that "Defendant does not explain what response should be compelled; Plaintiff never stated he was withholding documents on the basis of any objections." Doc. 118 at 11. The Court therefore denied the motion to compel responses to the requests for production. *Id.*

But as Defendant knows now, Plaintiff did not produce the responsive April 7 email until August 17, despite representing in his April 18 RFP responses and in the May 9 filing before the Court that he had produced all responsive documents.

Plaintiff states in response that, in May, counsel for both parties agreed "the anesthesia issue was off the table and was not something that would be disputed at trial." Doc. 159 at 2.

4

Therefore, Plaintiff had no intention of using the April 7 email at trial and only disclosed it in August as a possible rebuttal exhibit out of an "over abundance of caution" when it appeared that Defendant might raise the anesthesia issue. *Id.* at 2-3.

Even accepting Plaintiff's version of the conversation his counsel had in May with defense counsel, the problem with this argument is that Interrogatory 16 asked Plaintiff to identify "any and all" responsive communications, without restricting the request to documents Plaintiff intended to use at trial. "Rebuttal exhibits" were not listed as any kind of exception. Plaintiff does not refute that he failed to disclose the April 7 email to Defendant when he served responses to RFP 13 on April 17 and when he served supplemental responses to Interrogatory 16 and RFP 13 on July 22. Therefore, the responses were incomplete and violated the Court's order to answer the interrogatories.

In addition, the Court finds that Plaintiff misrepresented to the Court on May 9, 2022 that Plaintiff had provided "all material information and documents responsive to the Requests For Production." Doc. 94 at 4. The Court understands that, as the capacity to store information increases exponentially, so does the possibility that a well-intentioned attorney may inadvertently miss a document responsive to a discovery request and then incorrectly represent that all documents responsive to discovery have been disclosed. But this case does not present such a situation.

Here, Plaintiff's counsel was aware of the document he chose not to disclose. He states he made a conscious decision not to disclose it because he did not think it related to an issue that would be disputed at trial. Doc. 159 at 2 (explaining that, based on his discussion with defense counsel in May, he believed "the anesthesia issue was off the table and was not something that would be disputed at trial"). Given Plaintiff counsel's representation of the discussion he had in

5

May with defense counsel, the Court accepts Plaintiff's representation that he believed this email would not be used at trial. Regardless of whether the email would be used, however, it was responsive to Defendant's discovery request and, rather than disclosing the document, Plaintiff held on to it and then misrepresented to the Court in connection with Defendant's motion to compel that he had disclosed all documents responsive to Defendant's request for production.

Plaintiff's counsel's explanation that on August 17 he disclosed the April 7 email "out of an over abundance of caution" as a possible rebuttal exhibit when it appeared that Defendant might raise the anesthesia issue, is unavailing. *Id.* at 2-3. Any overabundance of caution that motivated Plaintiff's counsel to disclose the email on August 17 came too late. The time for an overabundance of caution first occurred on April 18, 2022, when Plaintiff represented that he was producing all documents in his possession responsive to RFP 13. Even more obviously, Plaintiff should have exercised an overabundance of caution and disclosed this email before representing to the Court on May 9, 2022 that "Plaintiff has been completely forthright and provided all material information and documents responsive to the Requests For Production." Doc. 94 at 4. An overabundance of caution also would have been appropriate immediately after reading the Court's June 29, 2022 Order in which the Court denied Defendant's motion to compel the production of documents because Plaintiff had not stated that he was withholding documents on the basis of any objections. *See* Doc. 118 at 11. Finally, in an overabundance of caution, Plaintiff's counsel should have disclosed the email with his July 22, 2022 supplemental disclosures. In short, Plaintiff's counsel knew, or should have known, the email was responsive to Defendant's discovery request but, without indicating that he was withholding any document on the basis of any type of objection, made a conscious decision not to disclose the email, and

instead represented "Plaintiff provides herewith those documents in his possession which he believes are responsive to this Request." Doc. 145-6 at 3. Sanctions are therefore appropriate.

The choice of sanctions for violating a court order lies within the district court's discretion. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

> The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery. Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* at 920-21 (cleaned up). Dismissal "is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (internal quotation marks omitted). "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920 (internal quotation marks omitted).

The Court need not methodically analyze each of the *Ehrenhaus* factors because it finds that Defendant does not show much prejudice related to the late disclosure. In the absence of such prejudice, the extreme sanction Defendant requests, dismissal, is inappropriate. Defendant's prejudice argument is that: "Discovery is over, valuable trial preparation time, and mounting fees should not be wasted on eleventh hour litigation . . . ." Doc. 145 at 7. This may be true, but these sorts of ills can rarely serve as the basis for dispositive sanctions that preclude resolving a case on its merits. *Solis-Marrufo v. Bd. of Comm'rs for Cnty. of Bernalillo*, No. 11cv107 JB/KBM, 2013 WL 1658304, at *45 (D.N.M. Apr. 4, 2013); *Jama v. City & Cnty. of Denver*, 304 F.R.D. 289, 301 (D. Colo. 2014).

More important to the prejudice inquiry is the significance of the late-disclosed exhibit. Defendant argues in the contemporaneous motion in limine that the evidence is highly prejudicial to its case because Defendant *did* have an anesthesiology certificate after December 30, 2018, but unexplained administrative delays caused RLD records to be incorrect. Doc. 144 at 2-3. Defendant argues that "admission of evidence that Dr. Traub was purportedly providing anesthesia while his Anesthesia Certification was pending renewal suggests to the Jury, with *extreme* prejudice to Dr. Traub at trial, that he was practicing without a valid certification." *Id.* at 4 (emphasis in original).

The issue of whether the exhibit is admissible at trial is for the presiding judge. For purposes of considering the present motion, however, the Court notes that Plaintiff has represented to the Court that Plaintiff does not intend to use this exhibit except as rebuttal if Defendant raises the issue. Doc. 159 at 3 ("Plaintiff has no intention of introducing this document at trial and submitted it only as a rebuttal if the Defendant, for some unknown reason, decided to resurrect this issue after his counsel had agreed that the issue was off the table."). The fact that Plaintiff does not intend to introduce this exhibit at trial significantly lessens the prejudice to Defendant in the late disclosure.

Similarly, as Defendant makes clear in his motion in limine, neither this email nor the information contained in it is something he intends to present at trial. Thus, Plaintiff's belated disclosure of this email did not cause Defendant to alter his trial strategy or, except for time spend on this motion and the motion in limine, otherwise impair his trial preparations. The Court notes that Defendant has apparently known since Defendant's deposition on April 15 that Plaintiff had questions about the anesthesiology certificate's expiration date. Doc. 121 at 5-6 (Defendant's motion in limine to exclude testimony, documents, and data related to Steven J.

Traub, D.D.S.' anesthesia certification). Therefore, this was not an entirely new, surprise issue presented to Defendant in August. Furthermore, a disclosure—although late—that occurred six weeks prior to trial is not as disruptive as a disclosure occurring on the eve of trial. Although Defendant accuses Plaintiff of sandbagging, Defendant does not explain how the late disclosure of the email could help Plaintiff and prejudice Defendant.

Although the curable nature of the prejudice to Defendant makes dismissal of the case an inappropriate sanction, Rule 37 requires that, in the event of a violation of court-ordered discovery, "[i]nstead of or in addition to" other possible sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Under Rule 37, the Court orders Plaintiff to file a brief addressing any circumstances that would make an award of expenses unjust or any other reason the Court should not award Defendant attorney's fees. This brief is due within 7 days of this Order. Failure to timely file this brief will result in the Court awarding attorney's fees against Plaintiff. Defendant may, but is not required to, file a response to Plaintiff's brief within seven days of its filing.

Other sanctions short of dismissal may also be appropriate, although Defendant does not specifically request any in the present motion. The undersigned leaves to the determination of the presiding judge whether the exhibit should be excluded from trial as a sanction or whether any other sanctions related to the trial are appropriate. *Cf.* Doc. 144 (Defendant's motion in limine to exclude this evidence); Fed. R. Civ. P. 37(b)(2)(A)(ii) (possible sanctions for violation of a court order include "prohibiting the disobedient party . . . from introducing designated matters in evidence").

THEREFORE, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion For Sanctions For Failure To Comply With A Court Order. Doc. 145. The request to dismiss Plaintiff's claims is denied. However, within **7 days** of the date of this Order, Plaintiff shall file a brief addressing any reasons attorney's fees should not be granted under Rule 37.

/s/ Steven Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE