IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                                                Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a STEVEN J.
TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

## ORDER AWARDING ATTORNEY'S FEES

This matter comes before the Court on the Court's Order Granting In Part And Denying In Part Defendant's Motion For Sanctions For Failure To Comply With A Court Order. Doc. 175. In that Order, the Court found that Plaintiff violated a court order by failing to disclose an email communication between Plaintiff's counsel and the New Mexico Regulation and Licensing Department ("RLD"). *Id.* at 3-6. The Court found that the prejudice from this failure was not sufficient to justify dismissal of Plaintiff's case, *id.* at 7-9, but noted that Rule 37(b)(2)(C) mandates fee-shifting upon violation of court-ordered discovery:

> in the event of a violation of court-ordered discovery, "[i]nstead of or in addition to" other possible sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

*Id.* at 9 (quoting Fed. R. Civ. P. 37(b)(2)(C)).

The Court granted both parties the opportunity to be heard on the issue of fee-shifting. *Id.* at 9. Plaintiff filed a brief on the issue on September 1. Doc. 178. Plaintiff argues that Defendant's failure to meet and confer means that attorney's fees would be inappropriate. *Id.* at 1. In support, Plaintiff cites Federal Rule of Civil Procedure 37(a)(5)(A). *See id.* Rule 37(a)

states that attorney's fees are inappropriate if the movant failed to meet and confer *in connection with a motion to compel*. Fed. R. Civ. P. 37(a)(5)(A)(i). But the Court is not awarding attorneys fees under Rule 37(a) simply in connection with a motion to compel. The Court is awarding attorneys fees under Rule 37(b), in connection with Plaintiff's disobeying a Court order. Not surprisingly, subsection (b) does not tie whether a Court may sanction a party for disobeying a Court order to whether the parties met and conferred. Therefore, Plaintiff's argument regarding a failure to meet and confer, even if accepted, would not serve as a basis to decline to order fee shifting.[1]

Plaintiff states that "this non-disclosure was completely inadvertent and unintentional." Doc. 178 at 5; *see also id.* at 3 ("Plaintiff's counsel had simply forgotten about the e-mail . . . ."). Even taking this representation as true,[2] the legal standard for awarding fees under Rule 37 does not hinge on whether the nondisclosure was intentional or inadvertent. *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219 (2015).[3] In contrast to the "inherent power" of federal courts to assess

---

[1] Defendant disputes that Defendant failed to meet and confer. Doc. 179 at 5-6. The Court previously found that, under the circumstances, Defendant's efforts to meet and confer did not violate his requirement to meet and confer. Doc. 175 at 1-3.

[2] Plaintiff's response to Defendant's motion for sanctions indicates that Plaintiff's counsel intentionally decided not to disclose the email because it was irrelevant to any issues that would be raised at trial. In that response, Plaintiff explained, "Because the attorneys had agreed in good faith that any potential issue regarding Defendant's anesthesia license was not going to be an issue at trial, counsel for Plaintiff saw no need to provide any supplemental information beyond that which had already been provided regarding communications with and documents received from the New Mexico Regulations and Licensing Department and/or Dental Board." Doc. 159 at 2. After receiving Defendant's proposed exhibits, however, "counsel for Plaintiff, out of an over abundance of caution, submitted a document that had been previously received from the State licensing board." Doc. 159 at 3. Plaintiff's previous explanation for his late disclosure indicates that his counsel made a conscious choice not to disclose the email based on an understanding he thought he had with defense counsel, not that he "had simply forgotten about the email."

[3] This portion of the *Sun River Energy* opinion discussed Rule 37(c), but the relevant language in that subsection is the same as Rule 37(b) in referring to substantial justification.

attorney's fees for actions taken "in bad faith, vexatiously, wantonly, or for oppressive reasons," Rule 37's "absence of substantial justification" test is "a less stringent standard." *Id.* at 1227 (internal quotation marks omitted). "Since Rule 37(c)(1) by its terms does not require a showing of bad faith, courts have not read such a requirement into the rule." *Id.* (internal quotation marks omitted).

The case Plaintiff cites does not say otherwise. In that case, the district court remarked on the absence of "bad faith or gamesmanship" in declining to award fees for an incomplete calculation of damages in initial disclosures as required by Rule 26(a). *Isom v. Midwest Div.-OPRMC, LLC*, No. 13-2602, 2014 WL 3541842, at *4 (D. Kan. July 17, 2014). Unlike the present case, however, the *Isom* court found that fee-shifting was inappropriate because the nondisclosure was substantially justified. *Id.* Further, although the court noted that there was no bad-faith or prejudice, it did not hold that a fee award would have required a finding of bad faith. *See generally id.*

Turning to the relevant question (whether Plaintiff's position was substantially justified, not whether Plaintiff acted in bad faith), Plaintiff does not argue his position on nondisclosure was substantially justified. He does cite authority establishing that "a 'genuine dispute' as to the appropriateness of production of the requested documents" constitutes substantial justification. Doc. 178 at 6. But he does not then argue that there was a genuine dispute about whether he should have produced the email. Doc. 178 at 5 ("[C]ounsel for Plaintiff admits that he did not disclose the April 7, 2022 e-mail and that he should have done so pursuant to the Court's Order of June 29, 2022."). In the absence of a "genuine dispute" over disclosure, the court finds the mandatory fee-shifting provision in Rule 37(b)(2)(C) applies.

Finally, the Court addresses an argument Plaintiff makes in his reply brief—that

3

"Plaintiff was not required to produce any additional documents to comply with the Court's Order" because the Court did not compel a response to requests for production. Doc. 180 at 3. The first deficiency with this argument is that it ignores the Court's order related to Interrogatory 16. Interrogatory 16 asked, among other things, for Plaintiff to identify and describe all communications with the New Mexico Regulation and Licensing Department. Doc. 145-6 at 1. The Court ordered Plaintiff to respond to this interrogatory. Doc. 118 at 1, 11. Plaintiff does not dispute that his response to the interrogatory did not identify or describe the April 7, RLD email. In failing to do so, Plaintiff violated the Court's June 29 Order.

Second, regarding Request for Production 13, it is true that the Court, in its June 29 Order, did not require Plaintiff to produce any documents. But this was because Plaintiff represented that he had disclosed all documents responsive to the requests for production and because Plaintiff failed to identify the RLD email. *See* Doc. 94 at 4 (representing that Plaintiff had "provided all material information and documents responsive to the Requests For Production"). In granting Defendant's motion to compel an answer to Interrogatory 16, it was clear that Plaintiff was also required to produce documents responsive to the related request for production, RFP 13. As the Court explained, the reason it did not order Plaintiff to disclose documents responsive to RFP 13 was that it was relying on Plaintiff's representation that he possessed no responsive documents. Doc. 118 at 11 (denying Defendant's motion to compel the production of documents because Plaintiff had not stated that he was withholding documents on the basis of any objections). No reasonable person could read the Court's June 29 Order and conclude that the Order did not require production of documents such as the April 7 email from the New Mexico Regulation and Licensing Department that Plaintiff.

Essentially, Plaintiff's argument is that a party who, through misrepresentation, avoids

4

the issuance of a court order, should not be held accountable. Such an argument is untenable. In choosing not to decide whether Plaintiff's counsel acted in bad faith or made a knowing misrepresentation when he assured the Court he had disclosed all documents responsive to Defendant's request for production, the Court has given Plaintiff's counsel the benefit of the doubt. Even giving Plaintiff's counsel the benefit of the doubt and assuming that he simply forgot about the RLD email until Defendant's exhibit disclosure prompted his memory, Defendant's motion for sanctions was a reasonable response to what was, at best, Plaintiff counsel's negligence in failing to disclose the RLD email. Having Plaintiff's counsel pay the cost of litigation prompted by, at a minimum, his negligence, is a modest sanction. The undersigned leaves to the presiding judge whether further sanctions would be appropriate at trial.

THEREFORE, the Court orders Plaintiff's counsel to pay to Defendant the "reasonable expenses, including attorney's fees, caused by the failure" to timely disclose the RLD email. Within **7 days** of the date of this Order, Defendant shall file an affidavit outlining the expenses he incurred that were caused by the untimely disclosure. Within **7 days** after Defendant files the affidavit, Plaintiff may file objections to the amount of fees Defendant requests.

SO ORDERED.

*Steve Yarbrough*
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE