IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS, d/b/a
STEVEN J. TRAUB ORAL & MAXILLOFACIAL
SURGERY,

    Defendant.

### ORDER GRANTING MOTION TO QUASH

THIS MATTER comes before the Court on Defendant's Motion for an Order (1) To Quash Plaintiff's Subpoena Issued to Defendant's Retained Expert; and, (2) To Prohibit Plaintiff from Calling Defendant's Retained Expert in His Case-in-Chief at Trial. *Doc. 189*. For the reasons stated below, the Court will GRANT the Motion; QUASH the subpoena issued by Plaintiff to Dr. Bryce Heiner, Defendant's expert witness; and PROHIBIT Plaintiff from compelling Dr. Heiner to testify during Plaintiff's case-in-chief.

### I.    BACKGROUND

On September 9, 2022, Plaintiff served a subpoena on Dr. Bryce Heiner, Defendant's retained expert witness, *see doc. 90* at 1, which commanded him to appear at the Pete V. Domenici United States Courthouse in Albuquerque, New Mexico, on

September 28, 2022, to testify during Plaintiff's case-in-chief at the jury trial set in this case beginning on September 27, 2022, *see doc. 189* at ¶ 1; *doc. 194-1*.[1]  Defendant objected to the subpoena on September 14, 2022, *see doc. 189* ¶ 2, and filed the instant Motion on September 19, 2022, *see doc. 189*.  The Motion was fully briefed on September 20, 2022, *see doc. 195*, with the filing of Plaintiff's Response, *see doc. 194*.

II. **LEGAL STANDARDS**

Federal Rule of Civil Procedure 45(c)(1) provides geographical limitations for subpoenas that command the attendance of a person at a trial.  It provides:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>
> (i) is a party or a party's officer; or
>
> (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1).  The Court has authority to quash subpoenas in violation of Rule 45(c)'s geographical limitations pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(ii).  *See* Fed. R. Civ. P. 45(d)(3)(A)(ii) ("On timely motion,

---

[1] The Court notes the parties' dispute concerning whether Plaintiff properly effected service of the subpoena at issue.  *See doc. 189* at ¶ 4-5; *doc. 194* at ¶¶ 1-3.  The Court need not, and does not, resolve this dispute on the basis that even if service was procedurally proper, the subpoena should be quashed pursuant to Federal Rule of Civil Procedure 45(c)(1).

2

the court for the district where compliance is required must quash or modify a subpoena that … requires a person to comply beyond the geographical limits specified in Rule 45(c).").

### III. ANALYSIS

The Court will quash the September 9, 2022, subpoena served on Dr. Heiner because it is in violation of the 100-Mile Rule contained in Federal Rule of Civil Procedure 45(c)(1)(A).

First, the Court determines that the 100-Mile restriction in Rule 45(c)(1)(A) applies to Dr. Heiner. Plaintiff argues that Dr. Heiner is not subject to the 100-Mile Rule in Rule 45(c)(1)(A) on the basis that he submitted an expert report and "[s]ubmission of an expert report makes the expert a person authorized to make statements on a subject by the party that retained the expert … [and therefore] an agent or employee of the party who retained the expert." *Doc. 194* at 2. Thus, according to Plaintiff, Dr. Heiner falls under Rule 45(c)(1)(B)(i)[2] which permits a subpoena to command attendance of persons within the state even if the person is beyond 100 miles of the trial. *Id.*; Fed. R. Civ. P. 45(c)(1)(B)(i). Even assuming that Dr. Heiner is an agent or employee of Defendant pursuant to his engagement as an expert,[3] Plaintiff's argument fails. To fit

---

[2] Although Plaintiff offhandedly cites to Rule 45(c)(1)(B)(ii), he makes no arguments that Dr. Heiner "is commanded to attend a trial and would not incur substantial expense" as required under that subsection. Fed. R. Civ. P. 45(c)(1)(B)(ii).
[3] The Court does not read *In re Hanford Nuclear Rsrv. Litig.*, 534 F.3d 986 (9th Cir. 2008), the case Plaintiff cites as general support for that claim, to establish that proposition.

3

within Rule 45(c)(1)(B)(i), one must be "a party or a party's officer."  Merely being a party's agent or employee is insufficient.  Therefore, the Court determines that Rule 45(c)(1)(A), and the 100-mile restriction it contains, applies to the subpoena served on Dr. Heiner.

Having concluded that the subpoena at issue is subject to the 100-Mile Rule, the Court notes that it is undisputed that Dr. Heiner's residence and the two places he regularly transacts business are more than 100 miles away from the Pete V. Domenici United States Courthouse.  *Doc. 189* at ¶¶ 6-8, 10; *see generally doc. 194* (failing to dispute that Dr. Heiner's residence and places of business are more than 100 miles from the location of trial).  The Court accordingly will grant Defendant's Motion pursuant to Federal Rules of Civil Procedure 45(c)(1)(A) and 45(d)(3)(A)(ii).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion (*Doc. 189*); QUASHES the subpoena issued by Plaintiff to Dr. Heiner; and PROHIBITS Plaintiff from compelling Dr. Heiner to testify during Plaintiff's case-in-chief.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE