IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

      Plaintiff,

    v.                                                                                                   Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a STEVEN J.
TRAUB ORAL & MAXILLOFACIAL
SURGERY,

      Defendant.

## ORDER SETTING AMOUNT OF ATTORNEY'S FEES

This matter comes before the Court on "Affidavit Of James C. Wilkey In Support Of Award Of Attorneys' Fees Pursuant To The Court's Order Awarding Attorney's Fees, filed on September 6, 2022 (Doc. 181)," Doc. 184, and Plaintiff's "Response To Affidavit Of James C. Wilkey In Support Of Award Of Attorney's Fees," Doc. 191. These filings come after a determination by the Court that Plaintiff violated a Court order in failing to disclose an email from the New Mexico Regulation and Licensing Department ("RLD") to Plaintiff's counsel dated April 7, 2022. Doc. 175. After giving Plaintiff an opportunity to be heard, the Court awarded attorney's fees in favor of Defendant against Plaintiff's counsel under Rule 37(b)(2)(C). Doc. 181. The Court allowed Defendant to file an affidavit outlining the expenses caused by the failure to obey the Court order. *Id.* at 5. The Court also permitted Plaintiff to file objections. *Id.*

"To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995). In this case, Defendant bears the burden to "prove and establish the reasonableness of each dollar, each hour, above zero." *Id.* at 1510. Defendant must also provide "evidence supporting the hours worked

and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Id*. Additionally, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Defendant requests a total of $5,224.00 in attorneys' fees, at $205 an hour for attorney work and $105 an hour for paralegal work. Doc. 184 ¶¶ 14-16. Plaintiff raises six objections to Defendant's fee affidavit. The Court sustains two of Plaintiff's objections and reduces the total by $262.50 and $799.50 respectively, awarding an amount of $4,162.00.

First, Plaintiff argues the late disclosure of the email was not prejudicial as it was a single email on an issue that is irrelevant for trial. Doc. 191 at 1-2 ¶ 1. This argument goes to whether fees should be awarded, not the amount, and the Court has already decided that fees should be awarded.

Second, Plaintiff objects that the email was disclosed on August 17, 2022 at 7:13 p.m. so it was not possible to have done any work related to the disclosure billed that same day. *Id.* at 2 ¶ 2. Defendant's counsel billed 2.3 hours that day. Doc. 184 at 4 ¶ 14. Since more than four hours remained in the day after the 7:13 p.m. email, the Court does not find this impossible. The objection is overruled.

Third, Plaintiff objects to the 3 hours to "review and analyze" the Plaintiff's proposed trial exhibits and the 4.6 hours on August 18, 2022 drafting and revising a Motion For Sanctions. Doc. 191 at 2 ¶ 3. The hours billed on August 18 were:

| Date | Narrative | Time | Rate | Fees |
|---|---|---|---|---|
| 8/18/2022 | Review, analyze, and revise proposed motion for sanctions for failure to comply with Court order. (SRS) | 0.30 | $205.00 | $61.50 |

| 8/18/2022 | Review/analyze the Plaintiff's proposed trial exhibits Part 1 of 3 (102 pages) for determination of any records not previously disclosed. (JLW) | 1.00 | $105.00 | $105.00 |
|---|---|---|---|---|
| 8/18/2022 | Review/analyze the Plaintiff's proposed trial exhibits Part 2 of 3 (46 pages) for determination of any records not previously disclosed. (JLW) | 0.50 | $105.00 | $52.50 |
| 8/18/2022 | Review/analyze the Plaintiff's proposed trial exhibits Part 3 of 3 (114 pages) for determination of any records not previously disclosed. (JLW) | 1.00 | $105.00 | $105.00 |
| 8/18/2022 | Review/analyze exhibits (30 pages) to attach to Motion for Sanctions for Failure to Comply with a Court Order regarding compliance with court rules on privileged information. (JLW) | 0.20 | $105.00 | $21.00 |
| 8/18/2022 | Draft/revise motion for sanctions for failure to comply with a Court Order. (JCW) | 4.60 | $205.00 | $943.00 |

Doc. 184 at 4 ¶ 14.

The Court disagrees with Plaintiff that it is impossible that Defendant's attorneys spent their entire day of August 18 working on this issue, and instead finds it quite plausible given the pendency of the trial date in this case. But the Court will sustain the objection for the time spent reviewing trial exhibits. That was not caused by a late disclosure; reviewing trial exhibits is a task that must be performed for an upcoming trial regardless. Therefore, the Court strikes $262.50 of the total.

Plaintiff also argues that drafting the motion should only have taken three hours. Doc. 191 at 2 ¶ 3. The motion was eleven pages, with eight exhibits, and involved a complicated procedural history leading up to the Court order. The Court does not find 5.1 hours to be excessive.

Fourth, Plaintiff objects to 7.8 hours spent on the reply in support of the motion for sanctions. Doc. 191 at 2-3 ¶ 4. The Court agrees: the argument raised in the motion was sufficient to demonstrate that Plaintiff violated a court order, and the reply largely dealt with

side-issues (although they were side-issues raised by Plaintiff first). The Court will sustain the objection in part and reduce these hours by half, or $799.50.

Fifth, Plaintiff objects to time Defendant's counsel spent responding to the Plaintiff's brief addressing any bases for not awarding attorney's fees. Doc. 191 at 3 ¶ 5. As outlined above, in its Order granting fees under Rule 37, the Court stated:

> Under Rule 37, the Court orders Plaintiff to file a brief addressing any circumstances that would make an award of expenses unjust or any other reason the Court should not award Defendant attorney's fees. This brief is due within 7 days of this Order. Failure to timely file this brief will result in the Court awarding attorney's fees against Plaintiff. Defendant may, but is not required to, file a response to Plaintiff's brief within seven days of its filing.

Doc. 175 at 9. This last sentence clearly granted Defendant permission to file a response to Plaintiff's brief. Thus, Plaintiff's contention is simply untrue that "The Court's Order did not require or permit the Defendant to file a response." Doc. 191 at 3 ¶ 5.

Sixth, Plaintiff objects that Defendant has repeatedly threatened to file bankruptcy if a judgment is entered against him. Doc. 191 at 3 ¶ 6. "[T]here is a high likelihood that payments to the Defendant's attorneys, given the outstanding IRS and other liens, could be deemed a preferential or fraudulent transfer in the event the Defendant seeks bankruptcy." *Id.* at 4. The Court overrules this objection as it is based on speculation and the Court has no information that there is actually a bankruptcy filing by Defendant.

Plaintiff also objects that Defendant cannot recover attorney's fees if he is not actually paying his attorney, because those fees were not "incurred" by anyone. *Id.* Plaintiff requests the Court order Defendant to demonstrate that he paid his attorney for these hours. *Id.* The Tenth Circuit has held that fee-shifting under Rule 37 does not require the party/client to have actually paid his attorneys that rate for those hours. *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 678-82 (10th Cir. 2012) (in the context of Rule 37 sanctions, construing "the term

4

attorney fees to mean, not the amount actually paid or owed by the party to its attorney, but the value of attorney services provided to the party"). Therefore, this objection is overruled.

Lastly, even though Plaintiff does not challenge the requested hourly rate of $105 for paralegal work and $205 for attorney work, the Court will independently consider whether that rate is reasonable. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (quotation omitted). Defendant "provide[s] evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community," *id.* at 1224-25, in the form of the affidavit from his attorney. Doc. 184 at 6 ¶¶ 17-18.

The Court's review of other cases in this district indicates that an hourly rate of $205 is low for an attorney with many years of experience. *Id.* ¶¶ 1-8, 17-18; *see, e.g.*, *Payne v. TriState Careflight*, 278 F. Supp. 3d 1276, 1298 (D.N.M. 2017) (awarding an hourly rate of $350 an hour to a litigator with over 30 years of experience); *Baity v. Brad Hall & Associates*, No. 18cv183 SCY/JHR, 2019 WL 2436262, at *2 (D.N.M. June 11, 2019) (awarding a rate of $300 an hour to a litigator with 16 years of experience); *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1085 (D.N.M. 2018) (awarding a rate of $350 an hour to a litigator who demonstrated "unique" skills to the Albuquerque area despite only having 11 years of experience and remarking that such a rate is ordinarily reserved to lawyers with experience in the range of fifteen to twenty years); *Griego v. United States*, No. 16-cv0475 JCH/SCY, 2018 WL 6727357, at *3 (D.N.M. Dec. 21, 2018) (awarding a rate of $350 an hour to a civil rights litigator with 17 years of experience); *Griego v. Douglas*, No. 17cv244 KBM/JHR, 2019 WL 3006993, at *2-3 (D.N.M. July 10, 2019) (awarding a rate of $310 an hour to an attorney with 22

years of experience and $250 an hour to an attorney with almost 10 years of experience). The Court concludes that $205 an hour is well within a reasonable rate for an attorney in Albuquerque, New Mexico. The Court further concludes that $105 an hour is within a reasonable rate for paralegal work in Albuquerque, New Mexico.

**IT IS THEREFORE ORDERED** Plaintiff's counsel shall pay Defendant $4,162.00 in connection with the Court's Order Granting In Part And Denying In Part Motion For Sanctions (Doc. 175) and the Court's Order Awarding Attorney's Fees (Doc. 181). Such payment shall be due no later than two weeks from the date of this Order.

**IT IS SO ORDERED.**

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**