IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                                                  Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a
STEVEN J. TRAUB ORAL &
MAXILLOFACIAL SURGERY,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

This matter is before the Court on Plaintiff's Motion for a New Trial (*Doc. 223*). The Court, having considered the parties' briefing (*docs. 226, 234*) and being otherwise fully advised,[1] will DENY the motion.

I.    LEGAL STANDARD

"The court may, on motion, grant a new trial on all or some of the issues … after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). Motions for a new trial are not regarded with favor and "should only be granted with great caution." *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992). Where a party presents the court with a motion for a new trial based on contentions of trial error, the alleged errors will not

---

[1] The Court has determined that oral argument will not assist it and thus DENIES Plaintiff's Request for Oral Argument. *Doc. 242*.

1

justify the grant of a new trial unless they are "clearly erroneous, as well as prejudicial and must have affected the substantial rights of the parties." *Atencio v. City of Albuquerque*, 911 F. Supp. 1433, 1437 (D.N.M. 1995) (citing *Rasmussen Drilling, Inc. v. Kerr-McGee Nuclear Corp.*, 571 F.2d 1144, 1148-49 (10th Cir. 1978)). The party seeking the new trial bears the burden of showing clear error and prejudice to substantial rights. *See Guidance Endodontics, LLC v. Dentsply Intern., Inc.*, 749 F. Supp. 2d 1235, 1256 (citing *Blanke v. Alexander*, 152 F.3d 1224, 1236 (10th Cir. 1998); *United States v. Mitchell*, 113 F.3d 1528, 1532 (10th Cir. 1997); *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1156 (10th Cir. 1985); *Atencio*, 981 F. Supp. at 1437); *see also Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) and *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004).

II.  ANALYSIS

Plaintiff points to four alleged errors that he claims justify a new trial: (1) interference with the jury selection process in a way which favored Defendant and prejudiced Plaintiff; (2) the improper admission of evidence related to Plaintiff's smoking; (3) the improper admission of circumstances in Plaintiff's past where he was assaulted or perceived to have been assaulted; and (4) the improper admission of Defendant's expert testimony about the possible influence of Plaintiff's smoking on the poor surgical results. The Court will consider each in a modified order.

A.  **Interference with Jury Selection**

During jury selection, Defendant's counsel announced a peremptory challenge which appeared to demonstrate a confusion about the method by which the Court

would select jurors from the venire panel once all challenges were concluded. Specifically, on Defendant's final peremptory challenge, counsel indicated that he intended to strike a venire member who, pursuant to the Court's approach of selecting the jury from the remaining venire panel, could not be selected for the jury anyway. After the Court informed Defendant's counsel of that fact, counsel asked for and was granted permission to change the target of his final peremptory challenge. Plaintiff argues that, by making this clarification and permitting the altered challenge, the Court injected "unfairness [into] the process." *Doc. 223* at 7. In support of this contention, Plaintiff cites to the statutory authority for peremptory challenges and notes that "we find nothing that allows court assistance to ensure that one party or another does not inadvertently misuse or misunderstand how its challenges may be used." *Id*. at 5-6. However, the lack of explicit authority to ensure that all counsel understands the particular mechanisms that a specific court uses to conduct jury selection does not suggest that it is error to do so. In fact, ensuring counsel understands and comports with the procedures of the court falls clearly within the inherent authority of every court.

More problematically, until this motion, Plaintiff failed to raise any objection to the Court's clarification or it permitting Defendant's counsel to alter its peremptory challenge in response. *Doc. 214* at 5. Objections to the use of peremptory challenges must be made at the time such challenge is used or it is waived. *See, e.g., Gov't of Virgin Islands v. Forte*, 806 F.2d 73, 75 (3d Cir. 1986); *see also United States v. Turrietta*, 696 F.3d

972, 976 (10th Cir. 2012) and *Sledd v. McKune*, 71 F.3d 797, 799 (10th Cir. 1995). Such waiver limits review to one for "plain error." *Turrietta*, 696 F.3d at 976. To prevail on plain error review, the error must be "particularly egregious … that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Young*, 470 U.S. 1, 15 (1985). This "exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'" *Id*. (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)).

      Unsurprisingly, Plaintiff makes no effort to meet this daunting standard. Instead, Plaintiff argues that "[b]y the time the Court alerted Defendant that he could make better use of his allotted peremptory challenges there was no realistic opportunity for a contemporaneous objection." *Doc. 234* at 2. This assertion is completely incorrect. Plaintiff's counsel had every opportunity to contemporaneously object to the Court's approach. Indeed, when compared to virtually every other circumstance where counsel has the responsibility to contemporaneously object, this circumstance was particularly amenable to raising an objection—there was no particular time pressure, and the venire panel was absent. If there had been a contemporaneous challenge and the Court had been persuaded of its error in clarifying the procedure for Defendant's counsel, it could have required Defendant to spend its final peremptory challenge as originally announced. Instead, Plaintiff's counsel remained silent about this alleged error until the instant motion.

4

The Court is unpersuaded that any error occurred in jury selection. Any possible error did not rise to the level of clear error which prejudiced substantial rights, and it certainly did not rise to the level of plain error. Therefore, Plaintiff's argument on this point cannot form the basis for granting the motion for new trial.

### B. Admission of Evidence of Prior Events in Plaintiff's Life

The "impermissible character evidence" of which Plaintiff complains relates to two prior incidents in Plaintiff's life. While Plaintiff seems to conflate the two, the nature of the evidence and the bases on which they were admitted were distinct. As such, the Court will address them separately.

#### 1. Sexual Assault in 1994

Plaintiff was sexually assaulted by a superior officer while he was serving with the Air National Guard in 1994. Plaintiff asserts that "[a]llowing testimony [about this event was] highly questionable." *Doc. 234* at 4-5. The permissibility of questioning Plaintiff about this traumatic event was the subject of a fully briefed and argued motion in limine filed by Plaintiff. *See docs. 126, 147, 153, 199* at 2-3. While the Court permitted limited questioning on this topic, it was not admitted as "character evidence." In short, the Court agreed that, because (i) Plaintiff was seeking damages for mental and emotional distress and (ii) the 1994 assault had caused Plaintiff significant mental and emotional distress, limited evidence of the assault was necessary to measure the distress damages attributable to Defendant if he were found liable. *Doc. 199* at 2-3. As a result, the Court allowed Defendant "to question Plaintiff broadly about the fact that he

5

experienced a sexual assault while a member of the armed services and its impact on his mental state, including by eliciting testimony indicating the nature of the assault as a sexual assault, the year it occurred, and its impact on Plaintiff." *Doc. 200* at 4. Defendant was prohibited from questioning Plaintiff about any specific details about the assault. *Id*. At trial, Defendant's questioning of Plaintiff on this topic was brief and comported with the Court's limitations. Plaintiff's arguments in the instant motion do not persuade the Court that any error was made in permitting this limited testimony.

In any event, Plaintiff has forfeited any objection to this limited testimony. At the pretrial conference, in all material respects, Plaintiff agreed to the scope of questioning that the Court allowed on this topic. When he presented argument on this motion in limine, Plaintiff's counsel stated:

> It certainly is fair game for the Defendant to question my client about the fact that he is permanently disabled because of a disability he acquired during his service with the military which was the result of … sexual assaults. Now, the facts of the sexual assault and what happened is what is completely improper. Okay, it's far enough to say you suffered a disability in the military because of an assault, a violation by your superior officer and that has resulted in some disability for you; now explain how that disability and how that mental anguish differs from the mental anguish you've suffered from not having your teeth and what you've gone through as a result of trying to get [them] fixed. I think that's fair game.

*Doc. 199* at 2-3; Liberty Audio File from Pretrial Conference on Sept. 7, 2022, at 12:50-13:59. Given that the Court's ruling completely comported with Plaintiff's position, Plaintiff cannot now argue that it was error to do so.

6

As the Court is unpersuaded that any error occurred in permitting the limited testimony about the sexual assault and that, in the alternative, Plaintiff forfeited any objection to the limited testimony, Plaintiff's argument on this point cannot form the basis for granting the motion for new trial.

### 2. Plaintiff's Prior Claim of Assault by Medical Provider

Plaintiff claims that the "Court also allowed the Defendant to discuss his theory that the Plaintiff had made 'false charges' of sexual assault in the past. Specifically, the Court allowed the Defendant to tie the traumatic events which caused Plaintiff's total and permanent disability with a more recent event where the Plaintiff felt he was assaulted and sexually abused at the VA with a rectal thermometer." *Doc. 223* at 3. The Court did no such thing.

At trial, Plaintiff testified that, during his treatment by Defendant, Defendant had assaulted him by repeatedly striking him with a dental hammer using substantial force. In response, Defendant sought to cross-examine Plaintiff about another circumstance where he had accused a VA medical provider (not Defendant) of assaulting him with a rectal thermometer. After hearing argument from counsel, the Court permitted two cross-examination questions and expressly prohibited the use of the term "sexual" in those questions. *Doc. 214* at 15-16. In compliance with those limitations, Defendant's counsel asked Plaintiff: (1) "This isn't the first time you've claimed you have been assaulted by a medical provider?" (2) "You claimed that you

7

were assaulted with a rectal thermometer at the VA?" *Id*. (without a transcript, these quotes must be qualified by the expression "or words to that effect").

Contrary to Plaintiff's characterization, Defendant's cross-examination questions were not "tied to" the undisputed 1994 sexual assault given that Defendant's counsel asked them in the context of challenging the dental hammer assault allegation. Moreover, the Court expressly prohibited the use of the term "sexual" when cross-examining Plaintiff on this point. *Id*. Finally, the Court did not permit the questions "for the sole purpose … to prove the witness' character for truthfulness" which would ordinarily be prohibited under Federal Rule of Evidence ("FRE") 608. Fed. R. Evid. 608 advisory committee's note to 2003 amendment. Instead, the two questions were allowed to permit Defendant to challenge Plaintiff's ability to accurately perceive events related to his medical treatment and to demonstrate potential bias Plaintiff held with respect to medical providers. As such, the Court balanced the matter under FRE 401, 402 and 403, and permitted two short questions on the topic. *See, e.g. United States v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir. 1996) (admissibility of evidence regarding a witness's bias and diminished capacity is governed by standard relevance standard).

Having considered Plaintiff's argument on this matter, the Court finds that he has failed to establish clear error or a prejudice to his substantial rights. As such, the two questions related to the earlier assault claim do not justify granting a new trial.

C.     **Evidence about Plaintiff's Smoking**

Undoubtedly, Defendant, through both his expert and argument of counsel, presented the theory that one explanation for the failure of Plaintiff's dental implants was Plaintiff smoking during the critical post-operative period.  Plaintiff claims that there was no evidence to support this theory and that, by permitting evidence that Plaintiff's medical records noted Plaintiff's smoking in the past, the Court "allowed impermissible and improper 'habit evidence.'"  *Doc. 223* at 2-3.  Plaintiff is mistaken.

The most glaring error in Plaintiff's argument is his characterization of the admission of the critical evidence.  His argument is premised on the evidence being improperly admitted as "habit" under FRE 406.  However, as he seems to concede, the evidence on which Defendant based its theory was entries in several of Plaintiff's medical records.[2]  These records were contained in Exhibits 1-5, 1-6, 3-6 and 4-7.  *See doc. 215*.  In short, several medical records produced in the relevant time subsequent to the implant surgery reflected that Plaintiff reported that he smoked or was a smoker.  Regarding each of these exhibits, Plaintiff stipulated to their admission without any argument that the entries related to smoking should be redacted.  Of course, "a stipulation by its very nature signals the intentional relinquishment of any and all rights to challenge the admissibility of the stipulated evidence, and is a clear example of waiver if anything is."  *United States v. Cruz-Rodriguez*, 570 F.3d 1179, 1184 (10th Cir.

---

[2] The Court notes that, in his Reply, Plaintiff does not dispute that he stipulated to the exhibits referred to by Defendant.

2009) (citation and quotation omitted).³  Thus, the medical record entries which referenced Plaintiff smoking were introduced based on stipulation by both parties, not as habit evidence under FRE 406.

For his part, Plaintiff argues that, because the records do not specify that the smoking occurred in the crucial four months and he testified that he did not smoke during that period, there is no basis on which to find that he smoked during the relevant period.  Therefore, somehow, the Court admitted improper habit evidence.  Unfortunately, in addition to unconditionally stipulating to the admission of exhibits containing the entries about smoking, Plaintiff did not reference FRE 406 or otherwise argue that Defendant was offering insufficient "habit" evidence before or during trial.  *See Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 960-61 (10th Cir. 2010) ("The objecting party must make its objection clear; the trial judge need not imagine all the possible grounds for the objection.").  Thus, this objection is waived and subject only to plain error review.  Certainly, an explicit objection based on the improper admission of habit evidence under FRE 406 would have permitted Defendant to attempt to establish smoking as a habit through the numerous doctors who testified at trial.  Moreover, the lack of an explicit objection also prevented the Court from contemporaneously hearing from Defendant's counsel about whether FRE 406 was implicated in any way.  Based on arguments before the Court now, it does not even appear that FRE 406 was applicable.

---

³ Moreover, to the extent that any disputed exhibit which was ultimately admitted included an entry about Plaintiff's smoking, Plaintiff did not object to any exhibit based on the argument that it contained such an entry, let alone by expressly referencing FRE 406 or habit.  *See generally doc. 199*.

Defendant was not arguing that, because Plaintiff had previously smoked, he continued to do so post-operation. That logic would invoke FRE 406. Instead, as the Court understood the argument, Defendant argued that the contemporaneous medical records supported a finding that Plaintiff was telling medical providers that he was a smoker during the relevant time. To be sure, that interpretation could have been rejected by the jury just as they could have accepted Plaintiff's assertion that he only meant that he smoked marijuana or cigarettes previously but not in the four months after surgery. Still, the records provided sufficient evidence to permit the jury to decide the point.

Plaintiff also argues that, given his view that there was no evidence of smoking during the relevant period, Defendant's expert and counsel should not have been permitted to present that theory. For both, the Court finds that a reasonable person could conclude based on the entries in the admitted medical records that Plaintiff did smoke within the critical post-operative period. As such, both Defendant's expert and Defendant's counsel were permitted to present that theory. *See* Fed. R. Evid 703; *Whittenburg v. Werner Enterprises, Inc.*, 561 F.3d 1122, 1128-29 (10th Cir. 2009) ("[C]ounsel must confine comments to evidence in the record and reasonable inferences from that evidence."). This conclusion also dictates the rejection of Plaintiff's final argument that because a finding that Plaintiff smoked post-operatively "is based on pure speculation … this Court should have granted the Plaintiff's motion for directed

verdict and prohibited the jury from considering any comparative fault by Plaintiff." *Doc. 223* at 12.[4]

For all these reasons, none of Plaintiff's arguments related to the presentation of the evidence about his smoking justify granting the motion for new trial.

## CONCLUSION

Plaintiff has failed to demonstrate any trial court errors that are "clearly erroneous," "prejudicial," and "affect[ing his] substantial rights." Wherefore, Plaintiff's Motion for a New Trial (*Doc. 223*) is DENIED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

---

[4] In fact, the Court would reject this argument on a more foundational aspect as well. Defendant presented several risk factors applicable to Plaintiff which could have explained the failure of the dental implants outside negligence by Defendant. The jury's verdict of no liability does not necessarily require that they found that Plaintiff had smoked during the relevant time.