IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC J. BINDNER,

    Plaintiff,

v.                                                                                                                              Civ. No. 21-492 GBW/SCY

STEVEN J. TRAUB, DDS d/b/a
STEVEN J. TRAUB ORAL &
MAXILLOFACIAL SURGERY,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR REVIEW AS TO CLERK'S ORDER SETTLING COSTS**

    This matter is before the Court on Plaintiff's Motion for Review as to Clerk's Order Settling Costs (*Doc. 239*). The Court, having considered the parties' briefing (*docs. 240, 241*) and being otherwise fully advised, will deny the motion.

    After the jury verdict in favor of Defendant, Defendant timely sought costs pursuant to Rule 54. *See doc. 222*. The Clerk of Court concluded that Plaintiff should pay Defendant $1838.96 in costs. *See doc. 238*. Plaintiff timely filed the instant motion in opposition to those costs. *Doc. 239*.

    Plaintiff "agrees that … the costs awarded by the Clerk are proper." *Id.* at 1. Nonetheless, Plaintiff opposes imposition of those costs for three reasons. First, Plaintiff asks that the Court stay imposition of any costs until it rules on Plaintiff's Motion for New Trial. As the Court has denied Plaintiff's Motion for New Trial, this request is moot and will not be discussed further. *See doc. 244*. Second, Plaintiff asks that the

1

Court stay imposition of any costs pending an appeal if the Court denies the Motion for New Trial.  Lastly, he argues that he should not be required to pay costs because he is indigent.

When considering a request to stay an award of costs pending appeal, a court should consider "the likelihood of the movant's success on appeal, whether the movant will be irreparably harmed, whether the nonmoving party will be injured, and any public interest."  *Payan v. United Parcel Serv.*, 2017 WL 4844651, at *2 (D. Utah Sept. 1, 2017) (citations omitted).  "Although these factors are considered on a sliding scale, such that a strong showing of one factor may offset a relatively weaker showing on another, '[t]he first two factors … are the most critical.'"  *Mann v. Washington Metro. Area Transit Auth.*, 185 F. Supp.3d 189, 194 (D.D.C. 2016) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).  Plaintiff has failed to make any meaningful showing on any of these factors.  First, the Court, having presided over the trial and ruled on the motion for new trial, cannot conclude that Plaintiff has a strong likelihood of success on appeal.  Second, as will be further discussed below, Plaintiff has failed to show any irreparable harm if a stay is not permitted.  While the Court recognizes his claim of indigency, he has provided insufficient evidence for his claim.  Moreover, if he is indigent and unable to pay costs, Defendant will not be able to recover them notwithstanding this order.  With respect to the last two factors, Plaintiff makes no argument whatsoever.  Thus, the factors do not support staying the award of costs.

Plaintiff's final argument is that he should not be required to pay costs at all because he is indigent. "Whether or not a prevailing party shall be awarded costs is within the court's sound discretion. Nevertheless, Rule 54 creates a presumption that the district court will award the prevailing party costs." *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2012) (citations and quotation omitted). The burden is on the non-prevailing party to overcome this presumption. *Id*. In fact, the "denial of costs is 'in the nature of a severe penalty,' and 'there must be some apparent reason to penalize the prevailing party if costs are to be denied.'" *Id*. (citations omitted). Plaintiff has presented no reason to penalize Defendant. Nonetheless, the Tenth Circuit has noted that other courts have held that it was not an abuse of discretion to deny costs when the nonprevailing party was indigent. *See Cantrell v. Int'l Broth. of Elec. Workers, AFL-CIO, Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995); *see also Bryant v. Sagamore Ins. Co.*, 618 Fed. App'x 423, 426 (10th Cir. 2015) (indigency does not prevent court from assessing costs). Even assuming that the indigency of the nonprevailing party alone without any reason to penalize the prevailing party is sufficient to justify denial of costs, Plaintiff has failed to meet his burden. In his briefing, he asserts that he is indigent because he lives out of his vehicle, is disabled, and does not have a job. *See docs. 239, 241*. However, he has been receiving disability payments for more than twenty years, *see doc. 241* at 2, and, presumably with those payments, was able to finance the litigation in the instant case including paying the $400 filing fee and hiring an expert. He has provided no financial affidavit or other evidence of his financial condition. This record

simply does not establish his indigency in the context of a cost award of less than $2000. *See, e.g., A.D. v. Deere & Co.*, 229 F.R.D. 189, 193-94 (D.N.M. 2004).

Therefore, the Court will not deviate from the presumption that Defendant as prevailing party should be awarded costs. The Court further finds that such award should not be stayed pending any appeal which Plaintiff might take.

WHEREFORE, Plaintiff's Motion for Review as to Clerk's Order Settling Costs (*Doc. 239*) is DENIED. Costs are taxed for Defendant, and against Plaintiff, in the amount of $1838.96. That amount is due and payable immediately.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**